W. J. McNEW, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 56669.

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 15, 1978.

Rehearing Denied Dec. 23, 1980.

G. Ernest Gilkerson, San Angelo, for appellant.

Rick Hamby, Dist. Atty., and Don Richard, Asst. Dist. Atty., Big Spring, for the State.

Before ROBERTS, PHILLIPS and VOLLERS, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for theft of one head of cattle.[1] The trial judge assessed the appellant's punishment at ten years' confinement in the Texas Department of Corrections.

The appellant contends that: (1) the trial court erred by sentencing the appellant to ten years; (2) Article 42.12, Section 3d, Vernon's Ann.C.C.P., is void and unconstitutional; (3) the trial judge failed to admonish the appellant that if he revoked the appellant's probation he could sentence the appellant to any term of years allowed under V.T.C.A., Penal Code, Sec. 31.03; (4) the trial judge failed to hold a hearing limited to the determination of whether to proceed with an adjudication of guilt, as required by Article 42.12, Section 3d(b), Vernon's Ann. C.C.P.; (5) the trial judge failed to admonish the appellant that he could request a final adjudication of guilt at the time that the adjudication of the appellant's guilt was deferred; (6) the trial judge abused his discretion by assessing a ten-year sentence for theft of one head of cattle; and (7) the trial judge erred by failing to either hold a hearing to allow the appellant to introduce the affidavit upon which the information was based or to order the affidavit to be made part of the transcript. We affirm.

The appellant waived indictment[2] and entered a plea of guilty. After a trial before the court, the trial judge, pursuant to Article 42.12, Section 3d(a), Vernon's Ann.C.C.P., deferred further proceedings without an adjudication of guilt and placed the appellant on probation for five years.[3] One of the conditions of the appellant's probation imposed by the trial judge was that the appellant "(2) [c]ommit no offense against the laws of this or any other state or the United States."

On December 20, 1976, the State filed its amended motion to revoke. The motion to revoke alleged that the appellant had violated condition two of his probation by committing the offense of robbery.

On December 20, 1976, a hearing was held on the State's amended motion to revoke. At the close of that hearing, the trial judge found that the appellant had pleaded guilty to the offense of theft of one head of cattle on May 20, 1976, that the appellant had been placed on probation at that time for a term of five years, and that the appellant had violated a condition of his probation. The trial judge therefore revoked the appellant's probation and then found that the appellant was guilty of the offense of theft of one head of cattle. The trial judge thereafter assessed the appellant's punishment at ten years.[4]

■ The appellant's first ground of error is that the trial judge erred in assessing his punishment at imprisonment for ten years after he had revoked the appellant's probation and entered a finding of the appellant's guilt. Specifically, the appellant asserts that the trial judge, under *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), could not sentence the appellant to any period of imprisonment greater than the five-year probation originally given him, and that, in any event, the State had waived its right to any period of imprisonment greater than five years when the prosecutor recommended a five-year probation under Article 42.12, Section 3d(a).

The appellant's contention that the trial judge was prohibited from assessing more than five years due to *North Carolina v. Pearce*, supra, is controlled by our decision in *Walker v. State*, 557 S.W.2d 785 (Tex.Cr. App.1977). In *Walker* we rejected an identical contention regarding Article 42.12, Section 3d(a).

---

1. V.T.C.A., Penal Code, Section 31.03(d)(4)(A).

2. Article 1.141, Vernon's Ann.C.C.P.

3. The trial judge assessed the appellant's punishment only after he revoked the probation

granted pursuant to Article 42.12, Section 3d(a). *Cf. Walker v. State*, 557 S.W.2d 785 (Tex.Cr.App.1977).

4. See note 3, supra.

The appellant's contention that the State waived its right to sentence the appellant to more than five years is without merit. The State can recommend a specific punishment to the trial judge, but that recommendation is never binding upon the court. *Washington v. State,* 545 S.W.2d 461 (Tex.Cr.App.1976); *Gibson v. State,* 532 S.W.2d 69 (Tex.Cr.App.1975). The appellant has also made numerous other contentions in his first ground of error. Although we have reviewed them and found them to be without merit, we note that they are multifarious and not in compliance with Article 40.09(9), Vernon's Ann.C.C.P. The appellant's first ground of error is overruled.

The appellant's second contention is that Article 42.12, Section 3d, Vernon's Ann.C.C.P. is unconstitutional. The appellant argues that although Article 42.12, Section 3d empowers trial judges to put defendants on probation before they have been convicted, Article 4, Section 11–A of the Texas Constitution does not allow a defendant to be granted probation until after he has been convicted.

Article 4, Section 11–A, of the Texas Constitution states:

"The Courts of the State of Texas having original jurisdiction of criminal actions shall have the power, after conviction, to suspend the imposition or execution of sentence and to place the defendant upon probation and to reimpose such sentence, under such conditions as the Legislature may prescribe."

Article 4, Section 11–A was adopted in 1935. It evolved as a response to *Snodgrass v. State,* 67 Tex.Cr.R. 615, 150 S.W. 162 (1912), which held that legislation permitting trial courts to suspend the *execution of sentences* and set aside and annul former judgments was unconstitutional as, *inter alia,* an infringement of the Governor's pardoning power. Thus, Article 4, Section 11–A created an exception which permitted the Legislature to create legislation providing for trial courts to suspend the execution of sentences. Of course, it has consistently been held that legislation permitting trial courts to suspend pronouncement or imposition of sentences was constitutional. See *Snodgrass v. State,* supra; *Baker v. State,* 70 Tex.Cr.R. 618, 158 S.W. 998 (1913).

Thus, Article 4, Section 11–A, is a limited grant of clemency to the courts by the people. *Ex parte Giles,* 502 S.W.2d 774 (Tex.Cr.App.1973). It provides that "after conviction" the trial court may suspend the imposition or execution of sentence and place a defendant on "probation." *Burson v. State,* 511 S.W.2d 948 (Tex.Cr.App.1974).

Article 42.12, Section 3d, provides:

"Sec. 3d. (a) When in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation on reasonable terms and conditions as the court may require and for a period as the court may prescribe not to exceed 10 years. However, upon written motion of the defendant requesting final adjudication filed within 30 days after entering such plea and the deferment of adjudication, the court shall proceed to final adjudication as in all other cases.

"(b) On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 8 of this Article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

"(c) On expiration of a probationary period imposed under Subsection (a) of this section, if the court has not proceeded to adjudication of guilt, the court shall

dismiss the proceedings against the defendant and discharge him. The court may dismiss the proceedings and discharge the defendant prior to the expiration of the term of probation if in its opinion the best interest of society and the defendant will be served. A dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense, except that upon conviction of a subsequent offense, the fact that the defendant had previously received probation shall be admissible before the court or jury to be considered on the issue of penalty."

Article 42.12, Section 3d provides, *inter alia*, that a defendant may be placed on "probation" when certain specifically enumerated requirements are met. At the outset, we note that the appellant had an opportunity to demand a final adjudication within thirty days after he entered his plea. However, the appellant accepted the benefits of the statute he now alleges is unconstitutionally void.

However, the appellant's argument is facially meritorious. Article 4, Section 11–A prohibits the granting of *probation* until after *conviction*. The appellant asserts that Article 42.12, Section 3d provides for *probation* before *conviction*. Thus, if the procedure enumerated in Article 42.12, Section 3d(a) is a "conviction," "probation" under Article 42.12, Section 3d(a) must be held constitutional. However, if the procedure

enumerated in Article 42.12, Section 3d(a) is *not* a "conviction," then "probation" under Article 42.12, Section 3d(a) can still be held constitutional if it is not the equivalent of "probation" as utilized in Article 4, Section 11–A of the Constitution.

We initially consider whether the procedure delineated in Article 42.12, Section 3d(a) is a "conviction" within the meaning of Article 4, Section 11–A. The term "conviction" is not defined by the Constitution or the Code of Criminal Procedure. However, this Court has addressed the meaning of the term "conviction" in a number of different settings. In *Morgan v. State*, 515 S.W.2d 278, 280 (Tex.Cr.App.1974), we held that the term "conviction," as used in Article 37.07, Vernon's Ann.C.C.P.,[5] was ". . . something more than a jury's verdict and assessment of punishment. No conviction, final or otherwise, has resulted until the trial court has entered judgment and sentenced the defendant, where sentences are required." In the context of Articles 42.03(1),[6] 40.05,[7] and 41.02,[8] Vernon's Ann.C.C.P., we have held that ". . . an adjudication of guilt does not amount to a 'conviction.' A conviction for the purposes of these statutes is an adjudication of guilt plus an assessment of punishment." *Woods v. State*, 532 S.W.2d 608 (Tex.Cr.App.1976); *Faurie v. State*, 528 S.W.2d 263 (Tex.Cr.App.1975). Also, it is well settled that a revocation of probation is not a "conviction" within the meaning of Article 38.14, Vernon's Ann.C.C.P.[9] Final-

5. Article 37.07, Section 3(a), Vernon's Ann.C.C.P., states:

"Sec. 3. Evidence of prior criminal record in all criminal cases after a finding of guilty.
(a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged."

6. Article 42.03(1), Vernon's Ann.C.C.P., states in part:

"Sec. 1. If a new trial is not granted, nor judgment arrested in felony and misdemeanor cases, the sentence shall be pronounced . . . at any time after the expiration of the time allowed for making the motion for a new trial or the motion in arrest of judgment."

7. Article 40.05, Vernon's Ann.C.C.P., states in part:

"A motion for new trial shall be filed within ten days after conviction as evidenced by the verdict of the jury . . . ."

8. Article 41.02, Vernon's Ann.C.C.P., states that a motion in arrest of judgment ". . . must be made within ten days after conviction."

9. Article 38.14, Vernon's Ann.C.C.P., states:

**172**

ly, this Court has consistently held that the result of a probation revocation proceeding is neither a conviction nor an acquittal. *Barber v. State*, 486 S.W.2d 352, 354 (Tex. Cr.App.1972).

The foregoing cases reveal that a "conviction," regardless of the context in which it is used, *always* involves an *adjudication of guilt.* Thus, since the procedures delineated in Article 42.12, Section 3d(a), Vernon's Ann.C.C.P., do not involve an adjudication of guilt until after probation is revoked, it is clear that a trial judge's action in deferring the proceedings without entering an adjudication of guilt is not a "conviction."

However, it remains to be seen whether "probation," as used by Article 42.-12, Section 3d, is the equivalent of probation, as that term is employed in Article 4, Section 11–A. Article 4, Section 11–A is not self-enacting. *Burson v. State*, supra; *Ex parte Giles*, supra. Article 42.12, Vernon's Ann.C.C.P., is one of the enabling acts. *Burson v. State*, supra. "Probation" is defined in Article 42.12, Section 2(b), Vernon's Ann.C.C.P., as follows:

"Section 2 * * *

*Unless the context otherwise requires,* the following definitions shall apply to the specified words and phrases as used in this Article:

"b. 'Probation' shall mean the release of a convicted defendant by a court under conditions imposed by *the court* for a specified period during which the imposition of sentence is suspended." (Emphasis added)

"Probation," as used in Article 42.12, Section 3d(a), Vernon's Ann.C.C.P., is a procedure which does not include an adjudication of guilt. Moreover, under Article 42.12, Section 3d(a), no sentence is assessed and the imposition of a sentence is not suspended. The definition of "probation," as used in Article 42.12, Section 2(b), Vernon's Ann. C.C.P., cannot be reconciled with the *context* in which the term "probation" is used

in Article 42.12, Section 3d(a). We therefore hold that "probation," as used in Article 42.12, Section 3d(a), is not the equivalent of "probation," as defined by Article 42.12, Section 2(b), Vernon's Ann.C.C.P. or Article 4, Section 11–A of the Constitution. Thus, since the procedure designated as "probation" in Article 42.12, Section 3d is not the equivalent of "probation," as used in Article 42.12, Section 2(b) or Article 4, Section 11–A of the Constitution, "probation" pursuant to Article 42.12, Section 3d may be granted before a defendant is "convicted" without any violation of Article 4, Section 11–A. Appellant's second contention is overruled.

The appellant's third and fifth contentions are that the trial judge's failure to admonish the appellant that: (1) in the event that his "probation" should be revoked and an adjudication of guilt entered, the trial judge could impose the full range of punishment and was not bound by the probationary term of five years, and (2) that the appellant had a right to request a final adjudication under Article 42.12, Section 3d, Vernon's Ann.C.C.P., at the time probation was granted. The appellant asserts that this failure violated the appellant's rights to due process and effective assistance of counsel.

In *Vasquez v. State*, 522 S.W.2d 910 (Tex. Cr.App.1975), we held that the trial judge's failure to admonish the defendant of his right to confront witnesses, his privilege against self-incrimination, and his right to compulsory process did not invalidate a plea of guilty otherwise freely and voluntarily made. See also *Franks v. State*, 513 S.W.2d 584 (Tex.Cr.App.1974); *Cevalles v. State*, 513 S.W.2d 865 (Tex.Cr.App.1974). In *Rose v. State*, 465 S.W.2d 147 (Tex.Cr.App.1971), this Court held that the trial judge's failure to admonish the defendant of his rights to a jury and on the law of circumstantial evidence was not error. We there stated that

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defend-

ant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

"[w]e know of no rule requiring the court to instruct the accused on every aspect of the law pertinent to the case when the accused pleads guilty. It is not the court's function to act as legal counsel for the appellant." *Rose v. State*, supra at 149.

In the present case, the appellant was admonished as required by Article 26.13, Vernon's Ann.C.C.P. The appellant's plea of guilty was freely and voluntarily given. We perceive no violation of the appellant's rights to due process and effective assistance of counsel. Appellant's third and fifth contentions are overruled.

The appellant's fourth contention is that the trial judge failed to hold a hearing limited to a determination of whether he should proceed with an adjudication of guilt, as required by Article 42.12, Section 3d(b), and further erred by failing to proceed as if there had been no previous adjudication of guilt.

Article 42.12, Section 3d(b), Vernon's Ann.C.C.P., states:

"On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 8 of this Article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred."

■ Section 3d(b) clearly requires a hearing limited to a determination of whether the trial judge should proceed with a determination of guilt.[10] The record reflects that such a hearing was held on December 20, 1976.

However, the appellant, relying on *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), apparently contends that two separate hearings are required: first a hearing should be held limited solely to a determination by the trial judge of whether he should proceed to an adjudication, and then a second hearing should be held in which guilt is determined.[11]

The appellant's reliance on *Morrissey* and *Gagnon* is misplaced. The hearing mandated by Article 42.12, Section 3d(b) is not a "parole" or "probation revocation" proceeding. *Cf. Grant v. State*, 505 S.W.2d 259 (Tex.Cr.App.1974); *Ex parte Shivers*, 501 S.W.2d 898 (Tex.Cr.App.1973). It is merely a hearing by which a trial judge can ascertain whether an adjudication of guilt should be entered. Since no adjudication of guilt has been entered prior to the hearing, an adjudication of guilt at the hearing comes before the imposition of sentence and before the termination of the criminal proceeding. *Cf. Ex parte Shivers*, supra at 901. Thus, *Morrissey* and *Gagnon* are not applicable to the present case.

■ Moreover, since Article 42.12, Section 3d(a) requires that a trial judge hear evidence which "substantiates the defendant's guilt" before he can defer further proceedings without entering an adjudica-

---

10. It is clear to us that although a defendant cannot appeal the determination made by the trial judge at this hearing, a defendant can appeal a trial judge's failure to hold such a hearing.

11. In *Whisenant v. State*, 557 S.W.2d 102 (Tex. Cr.App.1977), this Court held that a preliminary hearing to determine whether there was probable cause to revoke a defendant's probation was not required under *Morrissey v. Brewer*, supra, and *Gagnon v. Scarpelli*, supra. We noted in *Whisenant* that "[t]he procedure for revoking probation in this state affords a probationer far greater safeguards than those required by *Morrissey v. Brewer*, supra, and *Gagnon v. Scarpelli*, supra."

Since we have previously held that "probation," as used in Article 42.12, Section 3d, is not the equivalent of "probation," as defined by Article 42.12, Section 2(b), our decision in *Whisenant* does not necessarily control the disposition of this issue.

tion of guilt, we see no reason that once a hearing is held on whether the trial judge should proceed with an adjudication of guilt, the trial judge cannot immediately continue with ". . . all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal . . . as if the adjudication of guilt had not been deferred." Conservation of scarce judicial resources is a valuable policy to pursue where, as here no possibility of an infringement of the appellant's rights is even alleged. We therefore hold that only one hearing—that required by Article 42.12, Section 3d(b)—is necessary to afford the appellant his right to due process of law. Appellant's fourth contention is overruled.

The appellant's sixth contention is that the trial judge abused his discretion in assessing the appellant a ten-year sentence for theft of one head of cattle and that a ten-year sentence constitutes cruel and unusual punishment.

V.T.C.A., Penal Code, Section 31.-03(d)(4)(A) provides that the offense of theft of one or more head of cattle is a third degree felony. V.T.C.A., Penal Code, Section 12.34 provides that punishment for a third degree felony is confinement in the Texas Department of Corrections for any term of not more than ten or less than two years and/or a fine not to exceed $5,000.

In *Samuel v. State*, 477 S.W.2d 611 (Tex. Cr.App.1972), we stated that

". . . this court (sic) has frequently stated that where the punishment assessed by the judge or jury was within the limits prescribed by the statute the punishment is not cruel and unusual within the constitutional prohibition." (Citations omitted)

In the present case, the punishment assessed by the trial judge was permissible. We do not find the punishment to be cruel and unusual. Appellant's sixth contention is overruled.

12. I dissented from the majority's disposition of *Chappel.* However, I am bound by that decision.

The appellant's final contention is that the trial judge erred by failing to either hold a hearing to allow the appellant to introduce the affidavit upon which the information was based or order the affidavit to be made part of the record.

In *Chappel v. State*, 521 S.W.2d 280, 282 (Tex.Cr.App.1975), this Court[12] held that ". . . when an accused waives the right to be tried upon an indictment and elects to be tried upon an information, no complaint is required." Since no complaint is required where, as here, a defendant waives indictment and elects to be tried by an information, it logically follows that in the present case the trial judge did not err by failing to include the complaint in the record. See *Washington v. State*, 531 S.W.2d 632 (Tex.Cr.App.1976). Appellant's seventh contention is overruled.

The judgment is affirmed.

VOLLERS, J., not participating.

Before the court en banc.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge.

On rehearing the appellant again urges his contention that Article 42.12, § 3d, V.A.C.C.P., permitting deferred adjudication, is unconstitutional. He complains that the opinion on original submission held that deferred adjudication was not the type of probation permitted by Article IV, § 11–A of the Texas Constitution, but did not then explain how deferred adjudication was legal since it was not included within "probation" as authorized by said Article IV, § 11–A. He argues that the probation permitted by Article IV, § 11–A, is only "after conviction," and that deferred adjudication permits probation before conviction and thus the courts have not been authorized to grant such clemency and the Legislature had no constitutional basis for authorizing deferred adjudication. Appellant contends

that to simply say that deferred adjudication is not the same type of probation as that authorized by Article IV, § 11–A of the Constitution and Article 42.12, V.A.C.C.P., and therefore there is no violation of the Constitution does not answer the question. We agree that another examination is in order.

Said Article IV, § 11–A, reads:

"The Courts of the State of Texas having original jurisdiction of criminal actions shall have the power, after conviction, to suspend the imposition or execution of sentence and to place the defendant upon probation and to reimpose such sentence, under such conditions as the Legislature may prescribe."

It is clear that such provision provides that "after conviction" the trial court may suspend the imposition or execution of sentence and place a defendant on probation. *Burson v. State*, 511 S.W.2d 948 (Tex.Cr. App.1974). This is a limited grant by the citizens of the state to the courts to extend clemency. *Ex parte Giles*, 502 S.W.2d 774 (Tex.Cr.App.1973). This portion of the Constitution is *not self–enacting*. *State v. Klein*, 154 Tex.Cr.R. 31, 224 S.W.2d 250 (1949); *State ex rel. Smith v. Blackwell*, 500 S.W.2d 97, 101 (Tex.Cr.App.1973). Article 42.12, V.A.C.C.P., is its enabling act. *Ex parte Giles*, 502 S.W.2d 774, 784 (Tex.Cr. App.1973). "Probation" is defined by § 2 thereof as follows:

"Sec. 2 * * *

"*Unless the context otherwise requires,* the following definitions shall apply to the specified words and phrases as used in this Article:

"b. 'Probation' shall mean the release of a *convicted* defendant by a court under conditions imposed by the court for a specified period during which the imposition of the sentence is suspended."

(Emphasis added.)

Article 42.12, § 3d(a), (b) and (c) provides:

"(a) When in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation on reasonable terms and conditions as the court may require and for a period as the court may prescribe not to exceed 10 years. However, upon written motion of the defendant requesting final adjudication filed within 30 days after entering such plea and the deferment of adjudication, the court shall proceed to final adjudication as in all other cases.

"(b) On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 8 of this Article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

"(c) On expiration of a probationary period imposed under Subsection (a) of this section, if the court has not proceeded to adjudication of guilt, the court shall dismiss the proceedings against the defendant and discharge him. The court may dismiss the proceedings and discharge the defendant prior to the expiration of the term of probation if in its opinion the best interest of society and the defendant will be served. A dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense, except that upon conviction of a subsequent offense, the fact that the defendant had previously received probation shall be admissible before the court or jury to be considered on the issue of penalty."

The deferred adjudication authorized by statute provides for "probation" before con-

viction and is not "probation" within the meaning of the limited grant of clemency to the court by the people in Article IV, § 11–A of the State Constitution as noted by the opinion on original submission.

Is there, however, some other basis by which the Legislature would have been authorized to provide for deferred adjudication, even though it was incorporated in Article 42.12, V.A.C.C.P., the enabling act for Article IV, § 11–A of the Constitution which deals with a different type of probation?

Article III, § 1 of the State Constitution delegates to the Legislature law–making authority including the right to define crimes and fix penalties therefor.

In *Baker v. State*, 70 Tex.Cr.R. 618, 158 S.W. 998 (1913), this court upheld the second version of the former Suspended Sentence Act holding that said Article III, § 1, did not conflict with the Governor's constitutional pardoning power in that it did not relieve from punishment "after conviction" as that term is used in the Constitution, but provided that in certain types of cases no punishment should be imposed unless the individual should once again violate the law. *Baker* held that defining crimes and fixing penalties was a legislative function and the Legislature was authorized to provide in certain cases that no punishment, under certain conditions, should be imposed.

We conclude that deferred adjudication is a constitutional form of "probation" under the terms of Article III, § 1 of the State Constitution, even though statutorily it is neatly tucked in Article 42.12, V.A.C.C.P., the enabling act for Article IV, § 11–A of the State Constitution, which provides for a different type of probation. After reconsideration, we still overrule appellant's contention.

Appellant also contends the court erred in assessing ten years' imprisonment after adjudication of guilt when it had assessed five years' "probation" under Article 42.12, § 3d, V.A.C.C.P., at the time of the deferred adjudication. He contends such action violated the due process rule of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The opinion on original submission disposed of this contention by citing *Walker v. State*, 557 S.W.2d 785 (Tex.Cr.App.1977), where the same contention was raised. In *Walker*, the ante was raised from eight years' "probation" under said Article 42.12, § 3d, supra, to eleven years' confinement in the Department of Corrections. There we said that *Pearce* did not apply as Walker was not being punished for what he had a legal right to do.

Appellant McNew urges that deferred adjudication was neatly tucked into the provisions of Article 42.12, supra, and that the Legislature never intended the ante to be raised after revocation and that "probation" under the deferred adjudication of guilt should be treated like other probation cases. He argues that the other "probation" found in the same statute limits the grant thereof to cases where the punishment has been assessed at ten (10) years or less, and that upon revocation of probation the statute authorizes a possible reduction in punishment, in the discretion of the court, but never an increase in punishment. He claims the same rules should apply to revocation or probation in deferred adjudication cases. Appellant vigorously contends that our construction of the statute will put an end to deferred adjudication the same as if we had declared the portion of the statute unconstitutional as attorneys will not permit defendants to plead guilty as a result of a plea bargain involving deferred adjudication. He argues that a defendant could be placed on deferred adjudication for the minimum term fixed as penalty for the offense charged and that after revocation of probation and adjudication of guilt the punishment could be assessed at the maximum term fixed as penalty for the offense charged. This permits the trial court to up the ante taking into consideration the offense or conduct made the basis of the revocation. He contends the Legislature never intended any such result.

As earlier observed, deferred adjudication is not the type of probation contemplated by Article IV, § 11–A of the State Constitu-

tion, although the provisions for deferred adjudication are found in Article 42.12, V.A.C.C.P. § 3d of Article 42.12, supra, sets out the procedure for deferred adjudication. It contains only one express reference to other sections of the statute, that being § 8. And it expressly states in § 3d(b): "... After an adjudication of guilt, all proceedings, *including assessment of punishment*, pronouncement of sentence, granting or probation, and defendant's appeal continue *as if the adjudication of guilt had not been deferred*." (Emphasis supplied.)

It is clear the procedure provided for deferred adjudication is different from the other type or types of probation provided by the statute, and it is clear the Legislature intended that after adjudication of guilt following deferred adjudication the assessment of punishment shall be as if the adjudication of guilt had not been deferred. We appreciate and understand appellant's concerns, but any procedural changes are for the Legislature to consider, not this court.

Appellant's contention is overruled.

While it would be far better practice for the trial court to admonish a defendant as to the consequences of deferred adjudication, we have held that Article 26.13, V.A.C.C.P., does not require such admonishment. *Shields v. State*, 608 S.W.2d 924 (Tex.Cr.App.1980). Long before the advent of deferred adjudication, we have held that Article 26.13, supra, did not require the court to admonish a defendant as to his right to bail, etc. *Wilson v. State*, 436 S.W.2d 542 (Tex.Cr.App.1968); *Brown v. State*, 478 S.W.2d 550 (Tex.Cr.App.1972).

The appellant's motion for rehearing is overruled.

ROBERTS and PHILLIPS, JJ., concur in the result.

CLINTON, J., not participating.