Joseph Kimball POTTER, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Court of Appeals of Kentucky.

Aug. 29, 1986.

Discretionary Review Denied by Supreme
Court Nov. 18, 1986.

Michael Fleet Johnson, Pikeville, for appellant.

David L. Armstrong, Atty. Gen., Mary-James Young, Asst. Atty. Gen., Frankfort, for appellee.

Before DYCHE, HOWARD and WILHOIT, JJ.

HOWARD, Judge.

The appellant in this case appeals from a final judgment and sentence imposed pursuant to a guilty plea entered in Pike Circuit Court.

On March 14, 1985, the appellant pled guilty to a charge of unlawful possession of a Schedule II controlled substance. A second charge of persistent felony offender in the second degree was dismissed. Sentencing was set for May 2, 1985. At the sentencing hearing, the appellant was sentenced to a two-year term of imprisonment. The trial court stated that "imprisonment is mandated by KRS 533.060 and the court finding that pursuant to that section no other matters regarding probation can be considered at this time."

The trial court was referring to KRS 533.060(2) which provides that a person who is released on probation or parole on a prior felony conviction and is convicted or pleads guilty to a subsequent felony, is not

eligible for probation for the second felony offense. The prior offense in the case at bar involves an action that took place in Texas in 1984. The trial court ruled that the Texas proceedings involved a felony conviction and denied probation under KRS 533.060(2).

The appellant contends that the Texas action was not a felony "conviction" and, therefore, KRS 533.060(2) does not apply to the instant case.

The appellant was charged in Texas for the felony offense of theft over $750.00, but less than $20,000.00. The Texas court filed an order stating although the evidence substantiates the charge, it was deferring the action for further proceedings without entry of an adjudication of guilty pursuant to Article 42.12, Section 3d of the Texas Code of Criminal Procedure. The appellant, after pleading nolo contendere, was placed on probation for two years.

Article 42.12, Section 3d(a), provides in pertinent part that:

When in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or nolo contendere, hearing the evidence, and finding it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation on reasonable terms and conditions ... for a period not to exceed 10 years.

Simply put, the question before this Court is whether a defendant charged with a felony and placed on probation under Article 42.12, Section 3d, stands "convicted" of a felony for purposes of KRS 533.060(2).

In *McNew v. State*, 608 S.W.2d 166 (Tex.Cr.App.,1980), the court held that Article 42.12, Section 3d, did not violate the Texas Constitution. The court, in addition, held that "probation," as defined by Article 42.12, Section 2(b) in the Criminal Code, was not equivalent to the "probation" contained in Article 42.12, Section 3d(a). Probation in the former sense refers to the suspension of sentence for convicted defendants and necessarily involves an adjudication of guilty. Because the adjudication of guilty under Article 42.12, Section 3d(a), is delayed until the probation is revoked for a violation of its terms, the court concluded "it is clear that a trial judge's action in deferring the proceeding without entering an adjudication of guilty is not a 'conviction.'" *Id.* at 172. *See Ex parte Sherri Denise Shillings*, 641 S.W.2d 538 (Tex.Cr. App.,1982).

■ The language of KRS 533.060(2) refers to a defendant convicted of, and on probation or parole from, a prior felony offense. The Texas courts have ruled that an action under Article 42.12, Section 3d(a) is not a conviction. Therefore, a probation pursuant to that section does not necessarily preclude probation for a second offense by virtue of KRS 533.060(2).

■ The next issue facing us is what effect, if any, our holding has upon the denial of probation to the appellant. In general, the decision to grant or deny a defendant probation is within the trial court's discretion. *Brewer v. Commonwealth*, Ky., 550 S.W.2d 474 (1977). However, it is readily apparent that the trial court in the case at bar concluded that it was prohibited from any consideration of parole by KRS 533.060(2). Thus, we believe that for the trial court to make an informed decision concerning the potential for probation, this case must be remanded for a review of this issue.

■ We do not wish our decision today to be interpreted as holding that probation under Article 42.12, Section 3d(a), cannot be considered at all in deciding punishment for a subsequent offense. Article 42.12, Section 3d(c) provides that, even when such a probationary period expires, and the defendant is convicted for a subsequent offense, the court or jury may be informed that the defendant previously received probation. Thus, it seems reasonable that a previous grant of such probation should also be before the court when a defendant is convicted of a subsequent offense prior to the expiration of the probationary period.

The judgment is affirmed in part and reversed and remanded in part for further proceedings consistent with this opinion.

All concur.