IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-276-CR




CAROLE LAVERNE TURNER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 69,741, HONORABLE BOB JONES, JUDGE PRESIDING


 





PER CURIAM

 This is an appeal from an order of the district court revoking probation. Appellant
was placed on probation following her conviction for theft of property having a value of at least
$200 but less than $10,000. Act of May 30, 1975, 64th Leg., R.S., ch. 342, § 10, 1975 Tex.
Gen. Laws 912, 914 (Tex. Penal Code Ann. § 31.03, since amended). The punishment is
imprisonment for ten years.

 The table of contents of appellant's brief lists, as point of error one, the contention
that the evidence does not support the order revoking probation. The record reflects, however,
that appellant pleaded true to the alleged violations of the conditions of her probation. This plea
is alone sufficient to sustain the court's order. Cole v. State, 578 S.W.2d 127 (Tex. Crim. App.
1979). The point of error is overruled.

 In point of error one as it is briefed, appellant urges that her plea of true was
involuntary. She asserts that she pleaded true only because of threats by the trial court. She cites
no evidence in the record to support this allegation and we have found none. Point of error one
is overruled.

 In point of error two, appellant argues that the punishment assessed is cruel and
unusual because she had "successfully completed eight years of probation on this case" and
because none of the violations involved the commission of another offense. The record does not
support appellant's claim that she had successfully completed eight years of probation. To the
contrary, the record reflects that several motions to revoke appellant's probation were filed during
those eight years. This fact was noted by the trial court when it observed, "This is the fifth time
we've given you a second chance."

 The punishment assessed is within the range prescribed for the offense. Ordinarily,
if the punishment does not exceed the statutory limit it is not cruel or unusual. McNew v. State,
608 S.W.2d 166 (Tex. Crim. App. 1978). Appellant has not demonstrated that the punishment
is disproportionate to the offense. Solem v. Helm, 463 U.S. 277 (1983). Point of error two is
overruled.

 The order revoking probation is affirmed.



[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: August 11, 1993

[Do Not Publish]