NUMBER 13-00-088-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


FELIX DELEON A/K/A RUBEN BECERRA DELEON
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 329th District Court


of Wharton County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez

Opinion by Chief Justice Seerden


 Felix DeLeon, appellant, appeals his conviction for two counts of
aggravated sexual assault following a plea of guilty. Tex. Penal Code
Ann. §§ 22.021 (a)(1)(A) & 22.021 (a)(2)(B) (Vernon 1999). Appellant's
court-appointed attorneys have filed a brief in which they conclude that
the appeal is wholly frivolous and without merit.(1) The brief meets the
requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967), that counsel present a professional evaluation of
the record demonstrating why, in effect, there are no arguable grounds
to be advanced on appeal. See High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978). 

 Appellant entered a guilty plea without the benefit of a plea
bargain. He was fully admonished, both orally and in writing, by the
court. He acknowledged understanding the admonishments and stated
that he was entering his plea voluntarily. The court accepted his plea. 
Appellant furthermore pled true to two enhancement paragraphs in the
indictment. The court again fully admonished appellant before
accepting this plea. Appellant again acknowledged that he understood
the admonishments and stated that he was also entering this plea
voluntarily. The trial court then adjudicated appellant guilty as charged
in the indictment and proceeded to a jury trial on punishment. At the
conclusion of that hearing, the jury assessed punishment at fifty years
confinement and a $10,000 fine for each count, with the prison terms
to run concurrently. 

 Appellant's attorneys state that they have throughly reviewed the
record in preparing their brief. They have analyzed each facet of
appellant's trial and concluded that there was no arguable basis for an
appeal stemming from: the indictment; the trial court's denial of his
motion to suppress his confession; the trial court's acceptance of
appellant's plea; the conduct of the punishment hearing; the fairness of
the punishment assessed; or the effectiveness of counsel's assistance
during trial. We have similarly reviewed the record and reach the same
conclusion.

 As counsel notes, the indictment complies with the statutory
requirements in the code of criminal procedure. See Tex. Code Crim.
Proc. Ann. art. 21.02 (Vernon 1999).

 The brief demonstrates that the trial court did not abuse its
discretion in denying appellant's motion to suppress his confession. 
There is ample support in the record for the court's conclusion that the
confession was lawfully obtained. Moreover, appellant has not
suggested to this court that his guilty plea was anything other than
voluntary. The record shows that appellant was fully admonished prior
to entering his guilty plea and his plea of true to the enhancement
paragraphs in the indictment. After the admonishments, appellant
twice acknowledged that his plea was made voluntarily. 

 The range of punishment for aggravated sexual assault is not less
than fifteen years or more than ninety nine years, or life and a fine not
to exceed $10,000. See Tex. Penal Code Ann. § 12.32 (Vernon 1999). 
Appellant's assessed punishment of fifty years imprisonment for each
count and a $10,000 fine for each count is within the statutorily
prescribed range. The court of criminal appeals has long recognized
that when the punishment assessed is within the statutorily prescribed
range, there is no violation of the state and federal constitutional
prohibitions against cruel and unusual punishment. See McNew v.
State, 608 S.W.2d 166, 174 (Tex. Crim. App. 1978). 

 Finally, we concur in the conclusion that nothing in the record
suggests that appellant's trial counsel's performance was deficient or
objectively unreasonable. 

 The judgment of the trial court is AFFIRMED.

 

 


 

 ROBERT J. SEERDEN, Chief Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 31st day of August, 2000.

 

1. A copy of counsel's brief has been delivered to appellant, and
appellant was advised of his right to file a pro se brief. No pro se
brief has been filed.