# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00260-CR

**Jeremy Clayton Ross, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 48,936, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

In August 1998, appellant Jeremy Clayton Ross pleaded guilty to aggravated robbery. *See* Tex. Penal Code Ann. § 29.03 (West 1994). There was a plea bargain agreement under which appellant would be sentenced to no more than ten years in prison. The district court deferred adjudication of guilt and placed appellant on community supervision for ten years. In April 2000, after a hearing on the State's motion, the court revoked supervision, adjudicated appellant guilty, and imposed sentence of imprisonment for life.

Appellant contends the district court failed to properly admonish him of the possible consequences of a violation of supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2000). The court's failure to provide this information is a ground for reversal if the defendant shows that he was harmed. *Id*. Appellant argues that because of the inadequate admonishment, his guilty plea was involuntary and he was unable to intelligently decide whether

to invoke his statutory right to move for adjudication within thirty days of deferment. *See Brown v. State*, 943 S.W.2d 35, 41-43 (Tex. Crim. App. 1997).[1]

Among the consequences of a violation of the conditions of deferred adjudication supervision is adjudication of guilt, after which assessment of punishment and imposition of sentence continue as if adjudication had not been deferred. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2000). This means that following adjudication, the court may assess any punishment within the range applicable to the offense. *McNew v. State*, 608 S.W.2d 166, 176-77 (Tex. Crim. App. 1980) (op. on reh'g). This is true even if the original guilty plea was made pursuant to a plea bargain. *Ditto v. State*, 988 S.W.2d 236, 239-40 (Tex. Crim. App. 1999).

Appellant argues that he agreed to plead guilty because he was "guaranteed a 10 year sentence or less or that he could withdraw his plea." If the judge had properly admonished him, appellant contends, "he could have intelligently decided whether to enter that plea in the face of the prospect of losing his bargained 10 year limit . . . . The failure to comply with the statute rendered his plea involuntary." Alternatively, appellant argues that had he "been advised that he would be returned to the point of adjudication and sentencing, but that he would have given up

---

[1] Arguably, this contention should have been raised in an appeal from the original plea proceeding. *See Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). The State does not raise this issue and we do not address it.

2

the promised 10 year maximum, it would defy logic to think that he would not have requested the mandatory adjudication of guilt within the 30 days provided."[2]

Appellant's claim that he did not know he could receive more than ten years upon revocation is contrary to the record. Although the district court did not admonish appellant in the strict language of article 42.12, section 5(b), the court did admonish him regarding the range of punishment that would apply if deferred adjudication supervision were revoked. The court told appellant, "If your probation is revoked, you can get up to 99 years or life. It's not like a regular probation where if it were revoked you could only get 10 years." Because appellant's claims of harm are premised on his contention that he was not told he could receive more than the ten years he originally bargained for, they are without merit. Issues one and two are overruled.

The judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed:   January 25, 2001

Do Not Publish

_____

[2] Appellant assumes that the ten-year maximum punishment for which he bargained would have applied had he moved to adjudicate. This assumption appears to be contrary to the holdings in *McNew* and *Ditto*. We do not decide this question.