NUMBER 13-03-614-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

JONATHAN BRANDON HENRY,                                         Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 262nd District Court
of Harris County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

         This is an appeal from a revocation proceeding. By one point of error, appellant,
Jonathan Brandon Henry, complains his sentence is excessive and disproportionate. 
The trial court has certified that this case "is not a plea bargain case, and the
defendant has the right of appeal." See Tex. R. App. P. 25.2(a)(2). We affirm.
I. Facts
         Appellant was charged by information with the felony offense of possession
with intent to deliver a controlled substance, namely, cocaine, weighing more than four
grams and less than 200 grams by aggregate weight, including any adulterants and
dilutants. See Tex. Health & Safety Code Ann. § 481.112(a) & (d) (Vernon 2003). 
Appellant waived his right to be prosecuted by grand jury indictment, waived the right
to trial by jury, and entered a plea of guilty. The trial court found the evidence
substantiated appellant's guilt, deferred proceedings without entering an adjudication
of guilt, placed appellant on community supervision for ten years, and assessed a fine
in the amount of $500.
         The State filed a motion to adjudicate guilt, and appellant entered a plea of true
to a violation of one of the conditions of his community supervision: failing to submit
to an alcohol and drug treatment program. The trial court found appellant had violated
the terms and conditions of community supervision, adjudicated appellant guilty,
sentenced appellant to confinement in the Texas Department of Criminal Justice,
Institutional Division, for five years, and assessed a fine in the amount of $500. 
Appellant appeals from that judgment.
         Because all issues of law are settled, our memorandum opinion only advises the
parties of the Court's decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. Excessive and Disproportionate Sentence
         Appellant contends his five-year sentence is excessive and disproportionate and,
therefore, violated the prohibitions on cruel and unusual punishment in the Eighth
Amendment to the United States Constitution and article I, section 13, of the Texas
Constitution. Appellant has, however, waived any error by failing to object to the five-year sentence in the trial court.
         To preserve error for appellate review, the complaining party must make a
timely, specific objection. Hull v. State, 67 SW.3d 215, 217 (Tex. Crim. App. 2002);
Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991); see Tex. R. App. P.
33.1(a) ("as a prerequisite to presenting a complaint for appellate review," a timely
request, objection or motion must be made and ruled upon by trial court). Even
constitutional errors may be waived by the failure to object at trial. Curry v. State,
910 S.W.2d 490, 497-98 (Tex. Crim. App. 1995) (failure to raise Eighth Amendment
objection at trial waives any such claim on appeal). Because appellant failed to object
in the trial court that the five-year sentence violated his constitutional rights, error is
waived.
         However, even had appellant preserved error, his five-year sentence did not
violate the prohibitions on cruel and unusual punishment. The Eighth Amendment does
not require strict proportionality between crime and sentence; rather it forbids only
extreme sentences that are grossly disproportionate to the crime. Ewing v. California,
538 U.S. 11, 23 (2003). The gross disproportionality principle, the precise contours
of which are unclear, is applicable only in the "exceedingly rare" and "extreme" case. 
Lockyer v. Andrade, 538 U.S. 63, 73 (2003).
         In this case, the charged offense is a first degree felony. See Tex. Health &
Safety Code Ann. § 481.112(a), (d) (Vernon 2003); id. § 481.102(3)(D). An
individual adjudged guilty of a felony of the first degree shall be punished by
imprisonment in the institutional division for life or for any term of not more than
ninety-nine years or less than five years and, in addition, may be punished by a fine
not to exceed $10,000. See Tex. Pen. Code Ann. § 12.32 (Vernon 2003). 
Appellant's five-year sentence, which is the minimum prison sentence available for the
offense of possession with intent to deliver over four grams of cocaine, a Penalty
Group 1 controlled substance, is not grossly disproportionate to the offense.
         Furthermore, where the punishment assessed by the judge or jury is within the
limits prescribed by statute, the punishment is not cruel and unusual punishment
within the state constitutional prohibition. McNew v. State, 608 S.W.2d 166, 174
(Tex. Crim. App. 1978). Appellant's five-year sentence is within the statutory range
of punishment; it therefore does not violate the state constitutional prohibition on cruel
or unusual punishment.
         We overrule appellant's sole point of error.



III. Conclusion
         The judgment of the trial court is affirmed.
                                                                        
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 
filed this 19th day of August, 2004.