ACCEPTED
06-14-00193-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
4/23/2015 5:20:55 PM
DEBBIE AUTREY
CLERK

No. 06-14-00193-CR

---

**IN THE SIXTH COURT OF APPEALS**
**TEXARKANA, TEXAS**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

4/24/2015 9:05:00 AM

DEBBIE AUTREY
Clerk

---

**JAMES OLSEN**
**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee.**

---

**Appealed from the 71st District Court of**
**Harrison County, Texas**
**Trial Cause No 13-0351X**

---

**APPELLEE'S BRIEF**

---

Timothy J. Cariker
Assistant District Attorney
State Bar No. 24009942
Harrison County District Attorney's Office
200 West Houston Street
Marshall, Texas 75670
Telephone: 903-935-8408

ATTORNEY FOR APPELLEE
STATE OF TEXAS

# IDENTITY OF PARTIES AND COUNSEL

Appellant certifies that the following is a complete list of all parties to the trial court's judgment and the names and addresses of their trial and appellate counsel.

1.  Presiding Judge:     Honorable Brad Morin
    71st Judicial District
    Marshall, Texas 75670

2.  Appellant:     James Olsen

3.  Appellant's Counsel   :     Clement Dunn
    Attorney at Law
    140 E Tyler Street, Suite 240
    Longview, TX 75601

4.  State's Counsel (at trial):     Colleen Clark and Shawn Connally
    Harrison County District Attorney
    200 West Houston Street
    Marshall, Texas 75670

5.  State's Counsel (on appeal):     Timothy J. Cariker
    Assistant District Attorney
    Coke Solomon
    District Attorney
    Harrison County District Attorney
    200 West Houston Street
    Marshall, Texas 75670

# TABLE OF CONTENTS

Identity of Parties and Counsel ........................................................................................i

Table of Contents ..........................................................................................................ii

Index of Authorities ......................................................................................................1

Statement of the Case ...................................................................................................2

Issues Presented…………………………………………………………………………3

Statement of Facts.........................................................................................................4

Summary of Argument...................................................................................................5

Argument and Authorities

     I).     **THE SENTENCE DOES NOT VIOLATE THE EIGTH AMENDMENT TO THE UNITED STATES CONSTITUTION**…...………………...………………6

     II).     **THE TRIAL COURT DID NOT VIOLATE THE APPELLANT'S RIGHT AGAINST SELF INCRIMINATION, NOR DID IT PUNISH APELLANT BASED ON ANY PERCIEVED STATUS** …………………………………...………..10

Prayer for Relief...........................................................................................................12

Certificate of Compliance.............................................................................................12

Certificate of Service....................................................................................................13

**INDEX OF AUTHORITIES**

**United States Supreme Court**

*Harmelin v. Michigan*, 501 U.S. 957 (1991). …………………………………………………7

*Robinson v. California*, 370 U.S. 660 (1962) ..………………………………………………10

*Rummel v. Estelle*, 446 U.S. 263, 100 S. Ct. 1133, 63 L.Ed 2d 382 (1980)……………………..6

*Solem v. Helm*, 463 U.S. 277 (1983) ……………………………………………………...6,7

*Trop v. Dulles*, 356 U.S. 86 (1958). ……………………………………………………...6

*Weems v. United States,* 217 U.S. 349 (1910)……………………………………………...6

**United States Court of Appeals**

*M<sup>c</sup>Gruder v. Puckett*, 954 F. 2d 313 (5th Cir. 1992)……………………………………....7

**Texas Court of Criminal Appeals**

*M<sup>c</sup>New v. State*, 608 S.W. 2d 166 (Tex. Crim. App. 1978)…………………………..………....6

**Texas Court of Appeals**

*Hardwell v. State*, 2005 WL 2403437, (Tex. App, - Dallas 2005), ………………………………9

1

## STATEMENT OF THE CASE

On September 25, 2013, the Appellant was charged by indictment with the offense of Driving While Intoxicated – Third or More, which was alleged to have occurred on July 29, 2013. On May 29, 2014, the Appellant entered a plea of guilty. (RR1). On July 25, 2014 a sentencing hearing was held. (RR2). At the conclusion of the hearing the Appellant was sentenced to five years incarceration in the Texas Department of Criminal Justice, and was allowed to remain free on an appeal bond. (RR 2 12-13). On August 12, 2014 the Appellant filed a motion for new trial which was denied by operation of the law. (CR 26).

**ISSUES PRESENTED**

I.      THE SENTENCE DOES NOT VIOLATE THE EIGTH AMENDMENT TO THE UNTIED STATES CONSTITUTION.

II.     THE TRIAL COURT DID NOT VIOLATE THE APPELLANT'S RIGHT AGAINST SELF INCRIMINATION, NOR DID IT PUNISH APELLANT BASED ON ANY PERCIEVED STATUS.

## STATEMENT OF FACTS

The court was asked to take judicial notice of the Pre-Sentence Investigation Report, (PSI). (RR 2-4). A discussion about the report revealed the Appellant had convictions for driving while intoxicated in 1988, 1990, 1996, and two in 2002. (RR 2-5). For the last one the Appellant received three years confinement in the Texas Department of Criminal Justice. (RR 2-5). The PSI also showed the Appellant had a blood alcohol content, (BAC), level of 0.223. (RR 2-10).

Prior to pronouncing sentence the following colloquy occurred:

Mr. Olsen, I don't you know the thing that caught my eye, other than the six DWIs, was the fact that you indicated that you didn't have a drinking problem and maybe you have addressed that issue right now. I don't know. One of my jobs is to protect the public and, you know, I understand the health condition. I looked at the information that was provided with regard to the programs that are there. I don't know what – I was going to ask you, but you didn't – I don't know if you even can talk. You got sentenced to three years how much of that time did you do?

A.  A minimum.

The court: Okay.

Was that like within months you were out? That you didn't – because that was 11 years ago on the three years that you got for your–

A.  I have not had a drink. This was an isolated incident.

The Court: And Mr. Olsen I hear that every single time.

A.  I know.

The Court: That is not – you are not the first person that is telling me that.

A.  I understand.

4

## SUMMARY OF ARGUMENT

Having been convicted of the felony offense of driving while intoxicated and sentenced to 5 years incarceration the Appellant raises two issues on appeal. As discussed below, both of these issues lack merit.

In Issue Number One, the Appellant claims his sentence was cruel and unusual because he has a major medical condition. He asks this Court to disregard the tests established by the U.S. Supreme Court and without any other points of reference to declare his sentence to be cruel and unusual. On the other hand, once the Court's mandated tests are applied it becomes readily apparent that the sentence is not cruel and unusual. As such, this point should be overruled, and the conviction affirmed.

In Issue Number Two, the Appellant takes a statement the court made in the sentencing hearing and through a process of distortion and contortion claims the court violated his right against self-incrimination or alternatively punished him based on a perceived status. Once the statement is read in the context that it was made it becomes apparent that the Appellant's assertions are not true, and this point should be overruled.

**THE SENTENCE DOES NOT VIOLATE THE EIGTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

The general rule is that if an imposed sentence falls within the range mandated by the statute then it is not cruel and unusual. ***Rummel v. Estelle***, 446 U.S. 263, 100 S. Ct. 1133, 63 L.Ed. 2d 382 (1980); ***M<sup>c</sup>New v. State***, 608 S.W. 2d 166 (Tex. Crim. App. 1978). The reason for the rule is to give proper deference to the prerogatives of the legislative branch. ***Rummel***, 445 U.S. at 273, 100 S.Ct. at 1139; ***M<sup>c</sup>New***, at 608 S.W. 2d at 174.

Over the years, the Court has created exceptions to the general rule. ***Weems v. United States,*** 217 U.S. 349 (1910); ***Trop v. Dulles***, 356 U.S. 86 (1958). In ***Weems***, the Court held that it was cruel and unusual for the individual sentenced to 12 years imprisonment and as a condition of imprisonment that they had to be shackled 24 hours a day including the time they were doing hard labor. In ***Trop***, the Court held it was cruel and unusual for an individual to forfeit their United States citizenship for the simple act of deserting one's military post.

In the more modern era, the Court in ***Solem v. Helm***, 463 U.S. 277 (1983) held that it was cruel and unusual to sentence a non-violent habitual offender to a sentence of life without parole. In ***Solem,*** the Court enunciated a framework to determine if a sentence was cruel and unusual. The Court's analysis is as follows:

1. The gravity of the offense and the harshness of the penalty;

2. The sentence imposed on criminals in the same jurisdiction; and

3. The sentence imposed for the same crime in other jurisdictions. ***Solem,*** 463 U.S. at 290.

The test enunciated in Solem was called into question in ***Harmelin v. Michigan***, 501 U.S. 957 (1991). In ***Harmelin,*** a majority held that it was not cruel and unusual to sentence a first conviction drug dealer to life without parole. A plurality of the Court rejected the ***Solem*** test.

Probably the best case after ***Harmelin*** to harmonize the tension between ***Solem*** and ***Harmelin*** is ***M<sup>c</sup>Gruder v. Puckett***, 954 F. 2d 313 (5th Cir. 1992). In ***M<sup>c</sup>Gruder***, the Court observed:

> "By applying a head-count analysis, we find that seven members of the Court supported a continued guarantee against disproportional sentences. Only four justices supported the continued application of all three factors in ***Solem*** and five justices rejected it. Thus this much is clear, disproportionality survives. ***Solem*** does not. Only Justice Kennedy's opinion reflects that view, it is to his opinion therefore that we turn for direction. Accordingly we will make a threshold comparison of the gravity of ***M<sup>c</sup>Gruder***'s offense against severity of his sentence. Only is we infer that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the ***Solem*** test and compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions."
> ***M<sup>c</sup>Gruder***, 954 F.2 at 316.

7

Applying this to the Appellant's case shows that the Appellant was charged with felony driving while intoxicated which is a 3rd degree felony. The punishment range is not less than 2 years and not more than 10 years and a fine not to exceed $10,000. The record shows the Appellant had a BAC of 0.233 at the time of his arrest which is almost three times the legal limit. The record also shows that the Appellant had five prior convictions for driving while intoxicated with the last one resulting in a 3 year prison sentence. Based on this the sentence of 5 years' incarceration is not grossly disproportionate.

The Appellant argues that his medical condition trumps the analysis delineated above. The problem with this argument is the Appellant cannot direct the Court to a primary source, a secondary source nor a tertiary source to support his argument.

In fact secondary sources discredit his position that someone who has a medical condition should be absolved from going to the penitentiary. A brief internet search revealed the following:

1.     On March 19, 2015 the Chicago Sun Times reported that Keith Farnham who is 67 years old and suffers from pulmonary fibrosis, bladder cancer and Hepatitis C was sentenced to 8 years incarcerations for child pornography. The defendant has a 90 day life expectancy and the judge refused to delay sentencing so that he could die at home;

2.     On October 2, 2013, Channel 7 news out of Denver Colorado reported that a 65 year old man who had terminal lung cancer was sentenced to 48 years incarceration for murdering his wife.

8

3.  On September 30, 2005 in ***Hardwell v. State***, 2005 WL 2403437, (Tex. App, - Dallas 2005), the Court upheld a life sentence for an individual who had AIDS and was given 4 months to 1 year to live. The defendant has been convicted of evading arrest and unauthorized use of a motor vehicle.

The examples detailed above show that the Appellant's case is not unique as he asserts in his brief. They show that it is not cruel and unusual to sentence individuals to the penitentiary who are "beset with life threatening and life altering conditions" as asserted by the Appellant. As such, this point should be overruled and the conviction affirmed.

**ISSUE NUMBER TWO**

**THE TRIAL COURT DID NOT VIOLATE THE APPELLANT'S RIGHT AGAINST SELF INCRIMINATION, NOR DID IT PUNISH APELLANT BASED ON ANY PERCIEVED STATUS.**

The record from the sentencing hearing shows that there were no witnesses called by either party. The only evidence the Court had was the PSI prepared by the probation department. Twice the court made references to the fact that the Appellant claimed he did not have a drinking problem. (RR 2-8, 11). The only way the court could have known this was from the information provided in the PSI.

When one reviews the record, it becomes obvious that the court was allowing the parties to see, in an oral fashion, the evidence the court had before it in trying to assess the appropriate punishment. The court was relaying to counsel statements attributed to his client.

The Appellant's assertion that this violated his right against self-incrimination is not supported by the record.

As it relates to his ***Robinson v. California***, 370 U.S. 660 (1962) the Appellant's case and argument does not fit into that category. ***Robinson*** stands for the position that criminal sanctions should not be imposed based on status. In the Appellant's case sanctions were not imposed because he may be an alcoholic. Sanctions were imposed because the Appellant had been convicted not once, not twice, not three not four, not five but six times of felony driving while intoxicated and had been sentenced

10

to the penitentiary once before.  Based on the Appellant's history, the court chose to protect society from an individual who has the proclivity to operate motor vehicles while intoxicated.  This point should be overruled and the conviction affirmed.

## PRAYER FOR RELIEF

Based on the foregoing, the Appellee prays that the Appellant's conviction and sentence be affirmed.

Respectfully Submitted,

Timothy J. Cariker, Assistant District Attorney
Harrison County District Attorney
200 West Houston Street
Marshall, Texas 75670

By: */S/ Timothy J. Cariker*

_____

Timothy J. Cariker
State Bar No. 24009942

## CERTIFCATE OF COMPLIANCE

I certify that this brief contains <u>2272</u> words according to the computer program used to prepare this document.

/S/ *Timothy J. Cariker*
By: _____
Timothy J. Cariker

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document has been delivered to all counsel of record, on this the 22nd day of April, 2015

/S/ Timothy J. Cariker

_____

Timothy J. Cariker