William Walter WORLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 45743.

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

**790**

Jerry M. Johnson, San Angelo, for appellant.

Frank C. Dickey, Jr., Dist. Atty., Aaron Goldberg, Asst. Dist. Atty., San Angelo, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

On November 4, 1970, the appellant pled guilty to the felony offense of possession of methamphetamine and was assessed punishment at three years, probated. A condition of his probation, among other things, was that he commit no offense against the laws of this State or any other state or the United States.

On January 22, 1971, a motion to revoke his probation was filed. It alleged that appellant had knowingly and wilfully smuggled and imported into the United States from the Republic of Mexico approximately one gram of heroin. As a result of the appellant's agreement to enter into the Narcotic Addict Rehabilitation Act Program, the State's motion to dismiss its motion to revoke probation was granted April 16, 1971. Then, on October 22, 1971, the State again filed a motion to revoke probation, alleging that appellant knowingly and wilfully smuggled and imported into the United States from the Republic of Mexico approximately one gram of heroin, and that appellant had failed to pay his probation fee. On December 22, 1971, a trial amendment to the motion to revoke his probation was filed, alleging that on January 18, 1971, appellant unlawfully possessed heroin.

A hearing on the motion to revoke was held on December 22, 1971. The record reflects that the appellant and others were searched by customs officers in Del Rio after marihuana seeds were seen on the floor of the car in which they were riding. Approximately a gram of heroin was found on the person of appellant.

Appellant contends that the trial court abused its discretion in revoking his probation in four ways. First, he urges that it was error to revoke his probation by sentencing him to a term of years in the Texas Department of Corrections for the reason that the primary offense, possession of methamphetamine, at the time of the revocation was a misdemeanor and the court had no authority to sentence him as a felon. Second, he contends that the punishment imposed is cruel and unusual in viola-

tion of Article I, Section 13 of the Texas Constitution, Vernon's Ann.St. Third, appellant claims that the trial court was without jurisdiction to revoke probation for the reason that he had been committed to the custody of the Surgeon General of the United States for rehabilitation. Finally, he alleges that he was denied a speedy disposition of the charges upon which the motion to revoke his probation was founded.

Appellant first contends that he should have been allowed an election as to which law he desired to be punished under since the possession of methamphetamine law had been ameliorated under Article 13, V. A.P.C., which provides:

"When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for an offense committed before the second shall have taken effect. In every case the accused shall be tried under the law in force when the offense was committed, and if convicted punished under that law; except that when by the provisions of the second law the punishment is ameliorated he shall be punished under the second unless he elect to receive the penalty prescribed by the law in force when the offense was committed."

Possession of methamphetamine was a felony offense until it was classed as a misdemeanor in 1971 by Article 726d, Section 15(a), V.A.P.C. Appellant pled guilty to the felony offense of possession of methamphetamine on November 4, 1970.

■ The election under Article 13, supra, is applicable only at the time the trial begins. The controlling rule is found in 1 Branch's Ann.P.C.2d, Section 19, page 20, as follows:

"The law in force when the trial commences is the law of the case until its end. If the statute ameliorating the penalty is not in force when the trial begins the court is not required to notice it. . . ." (Citations omitted)

The appellant cites Clopton v. State, 408 S.W.2d 112 (Tex.Cr.App.1966), which holds in effect that when one is placed on probation there is no final conviction. The Clopton case as well as the others cited are not applicable, because those were instances where the new penalty was in force when the trial began. The first contention is overruled.[1]

■ His contention that the punishment is cruel and unusual is without merit and is overruled. See Broom v. State, Tex.Cr. App., 463 S.W.2d 220.

■ We hold that the trial court did not lose jurisdiction over appellant because of his commitment to the custody of the Surgeon General of the United States for rehabilitation pursuant to U.S.C.A., Title 18, Section 4251(f)(3), and U.S.C.A., Title 28, Section 2901. Section 4251(f)(3), U.S.C. A., Title 18, provides:

"(f) 'Eligible offender' means any individual who is convicted of an offense against the United States, but does not include—

"* * *

"(3) an offender against whom there is pending a prior charge of a felony which has not been finally determined or who is on probation or whose sentence following conviction on such a charge, including any time on parole or mandatory release, has not been fully served: *Provided,* That an offender on probation, parole, or mandatory release shall

1. If the statute providing a penalty for the possession of methamphetamine had been repealed, a different result would be reached under Article 16, V.A.P.C., which provides: "If an offense be defined by one law and by a subsequent law the definition of the offense is changed, no such change shall take effect as to the offenses already committed; but one accused of violating the first law shall be tried under that law." See Waffer v. State, Tex.Cr.App., 460 S.W.2d 147.

be included if the authority authorized to require his return to custody consents to his commitment."

There is no requirement for the State to forever relinquish jurisdiction over a person who is committed to such rehabilitation program after he has been placed on probation. The sections of the statutes relied upon by appellant only define who may be an "eligible individual."

■ The complaint that the State did not conduct a speedy disposition of the charge of possession of heroin denied him a speedy hearing on the motion to revoke probation is without merit. He sought the delay and agreed to participate in the rehabilitation program. Appellant did not take full advantage of the rehabilitation program.

No abuse of discretion being shown, the judgment is affirmed.