**Dana Lynn BURSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48925.**

Court of Criminal Appeals of Texas.

July 24, 1974.

Forrest G. Braselton, On Appeal, Lufkin, for appellant.

Jim D. Vollers, State's Atty., and Larry Gist, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On October 20, 1972, the appellant entered a plea of guilty to the offense of possession of marihuana, and his punishment was assessed at five (5) years. The imposition of sentence, however, was suspended and the appellant was placed on probation subject to certain conditions of probation.

On August 7, 1973, the State filed its motion to revoke probation alleging that the appellant had violated a penal law by driving a motor vehicle upon a public highway while intoxicated, had failed to report to his probation officer and had failed to pay "probation fees," all in violation of probationary conditions.

On November 9, 1973, the court conducted a hearing on such motion. The State offered evidence only as to the violation of the penal offense, and at the conclusion of the hearing, the court revoked probation and imposed sentence.

At the outset appellant contends the trial court abused its discretion by failing, as requested, to sentence him after revocation under the provisions of Section 4.06 of the Texas Controlled Substances Act (Article 4476–15, Vernon's Ann.Tex.Rev. Civ.St.), which provides in part:

"(a) Any person who has been convicted of an offense involving a substance defined as marihuana by this Act prior to the effective date of this Act may petition the court in which he was convicted for resentencing in accordance with the provisions of Section 4.05 of this Act whether he is presently serving a sentence, is on probation or pa-

role, or has been discharged from the sentence. . . ."

Appellant overlooks the fact that said Section 4.06 was declared unconstitutional in Smith v. Blackwell, 500 S.W.2d 97 (Tex. Cr.App.1973).

Nevertheless, appellant appears to urge that he was also entitled to resentencing by virtue of the provisions of Section 6.01 (c) of the Controlled Substances Act, which reads:

"In a criminal action pending, on appeal, or commenced on or after the effective date of this Act, for an offense committed before the effective date, the defendant, if adjudged guilty, shall be assessed punishment under this Act if he so elects by written motion filed with the trial court requesting that the court sentence him under the provisions of this Act."

He recognizes that the portion of said section relating to "criminal action pending, on appeal . . . ." was held unconstitutional in Ex parte Giles, 502 S.W. 2d 774 (Tex.Cr.App.1973), as being in contravention of the powers of clemency vested in the Governor by Article IV, Sec. 11 of the Texas Constitution, Vernon's Ann. St. He argued that the *Giles* decision related only to cases pending in the Court of Criminal Appeals, as well as those where notice of appeal has been given and the case is awaiting preparation of the appellate record in accordance with Article 40.09, Vernon's Ann.C.C.P. He contends that a case where probation has been granted is not a case on appeal but is a criminal action pending within the meaning of that portion of the said Section 6.-01(c) which was unaffected by the *Giles* decision. See *Giles* at p. 786. We cannot agree.

■ Article IV, Sec. 11A of our State Constitution is a limited grant of clemency to the courts by the people. Ex parte Giles, supra, 502 S.W.2d at p. 784. It provides that "after conviction" the court may suspend the imposition or execution of sentence and place the defendant upon probation, etc. This section of the Constitution is not self-enacting. State v. Klein, 154 Tex. Cr.R. 31, 224 S.W.2d 250 (1949); Ex parte Giles, supra, 502 S.W.2d at p. 784. Article 42.12, Vernon's Ann.C.C.P., is one of the enabling acts, and is the statute under which appellant was granted probation. In Section 3 thereof, the terminology "after conviction" is also used in describing when a person may be placed on probation. In Section 2b thereof, probation is defined as the release of "a convicted defendant." See Nealy v. State, 500 S.W. 2d 122 (Tex.Cr.App.1973).

■ It is further observed that after a person is convicted and granted probation he may appeal such "conviction." Article 42.12, Sec. 8, Vernon's Ann.C.C.P.; Pitts v. State, 442 S.W.2d 389 (Tex.Cr. App.1969), and cases there cited; Fitzpatrick v. State, 458 S.W.2d 924 (Tex.Cr.App. 1970). And a person who has been placed on probation and whose probation has not expired may be impeached as a witness by use of such probation. See Article 38.29, Vernon's Ann.C.C.P. Further, the fact of a prior grant of probation is included in the term "prior criminal record" as used in Article 37.07, Sec. 3(a), Vernon's Ann.C.C.P. While the trial court retains the right to terminate the probation upon successful completion thereof or to revoke, Article 42.12, Secs. 7 and 8, Vernon's Ann.C.C.P., we cannot conclude that where probation has been granted it is a pending criminal action as that term is used in Section 6.01(c) of the Controlled Substances Act. See Nealy v. State, supra.

The trial court did not err in refusing to grant the petition for resentencing under the Controlled Substances Act.[1]

---

1. We do not conclude from appellant's brief that he is urging that the court should have acted under the provisions of Section 8(a) of Article 42.12, Vernon's Ann.C.C.P., which reads in part:

" . . . If probation is revoked, the court *may* proceed to dispose of the case as if there had been no probation, or if it determines that the best interests of society and the probationer would be served by a

Next, appellant complains that the court abused its discretion in revoking probation "for an offense which at the time of said revocation would be a misdemeanor when the actions for which the State revoked would also be a misdemeanor offense, thus making the five-year sentence the result of a misdemeanor conviction."

It appears to be his contention that the amount of marihuana involved in the conviction for which he was placed on probation was 2.87 grams,[2] and that at the time of the subsequent revocation, the offense would have been classified as a Class B Misdemeanor under the Controlled Substances Act. We deem Worley v. State, 485 S.W.2d 789 (Tex.Cr.App.1972), controlling as to appellant's contention. There, the defendant entered a plea of guilty to the offense of possession of methamphetamine when the offense was a felony, and it was held that he was properly sentenced as a felon following revocation of probation even though subsequent to the date of conviction but prior to the date of revocation the offense was classified as a misdemeanor. Appellant's contention is overruled.

Next, appellant urges in two grounds of error that the court abused its discretion in revoking probation "because a cruel and unusual punishment was imposed," and that the same was in violation of due process and equal protection of the law. We are not impressed with appellant's conten-

tions under the circumstances of this case, and appellant cites us no authority where any court has made such holdings.

The judgment is affirmed.

---

shorter term of imprisonment, reduce the term of imprisonment originally assessed to any term of imprisonment not less than the minimum prescribed for the offense of which the probationer was convicted." Emphasis supplied)

Prior to this amendment to said Section 8(a) (Acts 1973, 63rd Leg., Ch. 464, p. 1269, effective June 14, 1973) the reduction of punishment, if any, was governed by the provisions of Section 7 of Article 42.12, supra, and decisions of this court interpreting the same. It was held under these decisions that if the probationer had served two years or one-third of his probationary period at the time of revocation the court could reduce the

punishment imposed. See Smith v. State, 399 S.W.2d 557 (Tex.Cr.App.1966); Avalos v. State, 480 S.W.2d 382 (Tex.Cr.App.1972) (footnote #3). On the other hand, if the probationer had not served two years nor one-third of his probationary term at the time of revocation, reduction of punishment was improper. Smith v. State, supra; De Leon v. State, 466 S.W.2d 573 (Tex.Cr.App.1971), and cases there cited; Maddox v. State, 466 S.W. 2d 755 (Tex.Cr.App.1971); Melvin v. State, 471 S.W.2d 853 (Tex.Cr.App.1971).

2. We find nothing other than appellant's assertion to reflect the amount of marihuana possessed.