

# THE ATTORNEY GENERAL

# OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

April 5, 1976

The Honorable Wiley L. Cheatham
District Attorney
24th Judicial District
Cuero, Texas    77954

Opinion No. H-806

Re:  Judgment and pro-
bation order specifying
indeterminate term of
punishment.

Dear Mr. Cheatham:

You ask:

> (1)  In reciting and setting out the
> punishment in an order placing an accused
> on probation under C.C.P. art. 42.12, for
> a felony conviction,. . . should the wording
> provide an indeterminate sentence. . .as
> required and provided in C.C.P. art. 42.09
> or should a definite punishment for a
> specific number of years be recited in the
> order?

> (2)  When the wording which sets out the
> punishment is incorrect, what is the legal
> effect and what procedure should be used
> to correct [it] . . . ?

The distinction between a judgment and a sentence must
be kept in mind.  See Code Crim. Proc. arts. 42.01, 42.02.
Without a judgment, a sentence is unauthorized.  Morgan v.
State, 515 S.W.2d 278 (Tex. Crim. App. 1974); Scott v.
State, 461 S.W. 2d 619 (Tex. Crim. App. 1971); 5 Tex. Jur.2d,
Appeal and Error -- Criminal Cases § 110.  The indeterminate
sentence law, however, has no application to a judgment.
Cano v. State, 450 S.W.2d 646 (Tex. Crim. App. 1970).

p, 3401

The Honorable Wiley L. Cheatham - page 2 (H-806)

You have furnished two samples of completed instruments, each purporting to embody both the judgment of the court in a felony case and the order of probation. The first of the judgments correctly assesses a definite term of punishment (10 years) and orders probation for a specific period (10 years) during which the imposition of sentence is suspended. The second instrument incorrectly recites the assessed punishment as "not more than eight (8) years, nor less than two (2) years," but recites a specific period (8 years) during which the imposition of sentence is to be suspended.

The indeterminate sentence statute, article 42.09, Code of Criminal Procedure, provides that in "passing sentence" where a verdict has fixed the punishment at confinement in the penetentiary for more than a minimum term, the judge "shall pronounce an indeterminate sentence. . . ." But this stage is not reached, if probation is granted, because the power to grant probation in a felony case is now exercised by suspending "the imposition [not the execution] of the sentence. . . ." Code Crim. Proc. art. 42.12, §§ 3, 7, 8. See Special Commentary by Honorable John F. Onion, Jr., following Code Crim. Proc. art. 42.12.

The term "probation" means "the release of a convicted defendant by a court under conditions imposed by the court for a specified period during which the imposition of sentence is suspended." Code Crim. Proc. art. 42.12, § 2(b).

Thus, in answer to your first question, the judgment should reflect a punishment fixed at a definite number of years, and the order of probation should reflect a probationary period for a definite period of time (which now may be different from the number of years fixed as punishment by the judgment), but neither the definite term of punishment recited by the judgment or the definite probationary period specified by the order of probation prevents the court from later pronouncing an indeterminate sentence in accordance with article 42.09 at the time the probation is concluded. No sentence can be "passed" or "imposed" until that time. See Burson v. State, 511 S.W.2d 948 (Tex. Crim. App. 1974); Nealy v. State, 500 S.W.2d 122 (Tex. Crim. App. 1973); Code Crim. Proc. art. 42.04.

Both instruments you submitted were entered by the court prior to September 1, 1975, the date upon which 1975 amendments to article 42.12 of the Code of Criminal Procedure became effective. Inspection of Court of Criminal Appeals records reveals that the judgment and order of probation in Cano v. State, supra, is essentially identical to the furnished instrument incorrectly reciting an indefinite term of adjudged punishment. In a footnote to its opinion, the court noted an improper attempt to apply the indeterminate sentence law.

The Cano Court interpreted the "indeterminate sentence" language of the judgment there ["not less than two (2) years, nor more than five (5) years"] as assessing a definite five year term, which coincided with the specific period of probation (5 years) recited by the order of probation portion of the instrument. We have no reason to believe the Court of Criminal Appeals would adopt a different posture with respect to the instrument you have submitted to us, and the answer to your second question is that the legal effect of that instrument is the same as though an assessed punishment of eight years were definitely set out in the judgment, and nothing need be done to correct the judgment language.

You have not asked about instruments entered after the 1975 amendments to article 42.12, Code of Criminal Procedure, took effect, nor about the effect of "indeterminate sentence" language used to designate the period of probation, and we do not reach those matters.

### S U M M A R Y

Where probation is utilized under article 42.12, Code of Criminal Procedure, the judgment in a felony case should reflect a punishment fixed at a definite number of years and an order of probation should reflect a probationary period for a definite period of time.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

The Honorable Wiley L. Cheatham - page 4 (H-806)

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb