Jacklyn LUMBARD–BOCK, Appellant,

v.

WINCHELL'S DONUT SHOP,
Respondent.

No. WD 52953.

Missouri Court of Appeals,
Western District.

Dec. 24, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 28, 1997.

Application to Transfer Denied
March 25, 1997.

Patrick B. Starke, Blue Springs, for appellant.

Lee M. Baty, Theresa A. Otto, Field, Gentry & Benjamin, P.C., Kansas City, for respondent.

Before BRECKENRIDGE, P.J., and LAURA DENVIR STITH and HOWARD, JJ.

LAURA DENVIR STITH, Judge.

Appellant Jacklyn Lumbard–Bock appeals the decision of the Labor and Industrial Relations Commission denying her workers' compensation benefits. She claims that the Commission erroneously failed to apply the rule that, by failing to file an answer within the required time period, Respondent Winchell's Donut House admitted the fact that Ms. Lumbard–Bock's accident occurred at work and that it resulted in some injury to her. We agree. We reverse and remand for a determination of whether Winchell's received adequate notice of the claim, whether its answer was untimely, and what portion of Ms. Lumbard–Bock's injury is attributable to her accident at work.

## I. FACTUAL BACKGROUND

Appellant Jacklyn Lumbard–Bock was employed as a store manager by Respondent Winchell's Donut House. Sometime between 5:00 and 6:00 a.m. on the morning of January 31, 1992, she dropped a change purse as she was getting into her car to go to work. When she reached out of the car to pick up the purse from the driveway, Ms. Lumbard–Bock felt something pull or pop in her back. This resulted in stiffness, but she proceeded to work.

Ms. Lumbard–Bock claims that at approximately 7:30 a.m. that morning, as she was putting a new container in the cola dispenser, she felt a "pop" in her lower back and be-

came dizzy. She remained at work that day until around 1:00 p.m. After she left work, her back became stiffer, and she eventually went to Lee's Summit County Hospital. She had the hospital send the bills for treatment to her private insurer.

Ms. Lumbard–Bock returned to work after taking a few days off, but continued to have back pain for the next five months. She claims that on the day of the incident she had informed her district manager, John Bennie, about her back pain and that it was caused by lifting the cola container at work. Mr. Bennie admits that he knew she was having back pain during this period, but denies that she ever told him that it was related to an incident at work.

Over the next few months, Ms. Lumbard–Bock was treated with medication and physical therapy by Dr. Anne M. Arey. When these treatments were not successful, Ms. Lumbard–Bock was referred to Dr. Larry F. Glaser. Dr. Glaser in turn referred her to Dr. Steven D. Waldman. While Ms. Lumbard–Bock claims that she told Dr. Glaser about both the purse-dropping accident at home and the cola-lifting accident at work, his notes only mention that she hurt her back after leaning out of the car to get her purse.

Because medication and other therapies had not given Ms. Lumbard–Bock relief by June 1992, Dr. Glaser recommended and performed surgery. Dr. Glaser released her to return to work on November 12, 1992, but placed restrictions on bending or lifting more than 20 pounds. Winchell's did not allow Ms. Lumbard–Bock to return to work under these restrictions. On December 17, 1992, Winchell's terminated her employment.

In January 1993, after her termination, Ms. Lumbard–Bock's attorney referred her to Dr. John Pazell. In March of that year, Dr. Glaser referred her to Dr. Roger Jackson. The notes of both of these doctors reflect that she related to them the facts of both the purse-dropping accident and the

accident at work. She was later seen at Winchell's request by Dr. Jeffrey Woodward, whose notes indicate that she mentioned only the work-related accident to him.

## II. PROCEDURAL HISTORY AND GOVERNING LAW

Ms. Lumbard–Bock filed a workers' compensation claim in August or September 1992 and amended it on October 2, 1992. In that claim Ms. Lumbard–Bock sought temporary disability, reimbursement for medical expenses, and an award for permanent disability arising out of an injury to her back. In the portion of the claim form calling for a statement as to "How injury occurred, cause, and work .employee was doing for employer at the time," Ms. Lumbard–Bock responded: "While employee was lifting a coke container at work, she felt something pop in her back necessitating disc surgery."

The employer must file an answer within 15 days of the date that the Division of Workers' Compensation acknowledges receipt of an employee's Claim for Compensation. 8 C.S.R. 50–2.010(12). Receipt of Ms. Lumbard–Bock's claim was acknowledged by the Division no later than September 1992. Although Winchell's answer was thus due 15 days later, Winchell's did not file one until July 3, 1995. This was almost three years later and just two days before an administrative law judge (ALJ) was to hold a hearing on Ms. Lombard–Bock's claim.

■ Where, as here, an employer fails to timely file an answer to a claim, the Division's regulations specifically provide that "the statements in the claim for compensation shall be taken as admitted." 8 C.S.R. 50–2.010(13).[1] Prior cases have applied this regulation and held that statements of fact in the claim, such as statements concerning the fact of injury, will be deemed admitted where no timely answer has been filed. *Hendricks v. Motor Freight Corp.*, 570 S.W.2d 702 (Mo. App.1978). Of course, failure to file a timely

---

1. No issue is raised as to the authority of the Commission to adopt this 15–day limit for filing an answer or as to whether an ALJ would have discretion to extend this limit if requested to do so once the 15–day period had passed. We therefore do not address those issues. We do note that 8 C.S.R. 50–2.010 provides that, within the 15–day period set by the regulation, an employer can request an extension of time to file the answer. No timely request for extension was filed here.

answer cannot result in admission of legal conclusions contained in the pleading. Similarly, it is still incumbent on the Commission to determine legal questions such as "whether a claimant's injury arose out of or in the course of the claimant's employment." *Jackson v. Midwest Youngstown Indus.*, 849 S.W.2d 709, 711 (Mo.App.1993).

At the hearing on Ms. Lumbard–Bock's claim, one of the issues was whether Winchell's had received timely notice of the claim. Winchell's argued that it had not, and therefore the facts contained in the claim should not be deemed admitted. The ALJ denied the claim without reaching the notice issue. In his Findings of Fact and Rulings of Law, he recognized that if Winchell's had failed to file a timely answer, it would be bound by the facts stated in Ms. Lumbard–Bock's claim. The ALJ also recognized that he was free to determine legal issues, including whether Ms. Lumbard–Bock's injury arose out of and in the scope of her employment at Winchell's.

The ALJ then reviewed Ms. Lumbard–Bock's medical history, as set out above, and concluded that her injuries had resulted from bending to pick up her purse at home rather than from allegedly picking up a cola container at work. As a result, he concluded that Ms. Lumbard–Bock "was, in fact, not injured on the job." He therefore denied compensation.

Ms. Lumbard–Bock filed an application for review by the Labor and Industrial Relations Commission. The Commission affirmed the ALJ's decision, finding that it was supported by the evidence. This appeal followed.

## III. STANDARD OF REVIEW

■ Our scope of review of the Commission's decision in a workers' compensation case is limited. We may only review questions of law and can reverse, remand, or modify only if the Commission acted in excess of its powers, the award was procured by fraud, the facts found by the Commission do not support the award, or there was not sufficient competent and substantial evidence to support the award. § 287.495, RSMo 1994; *Johnson v. Denton Constr. Co.*, 911 S.W.2d 286, 288 (Mo. banc 1995). On issues involv-

ing witness credibility and the weight to be given to testimony, we defer to the Commission and review the entire record in the light most favorable to the Commission's findings. *Id.; Wright v. Sports Associated, Inc.*, 887 S.W.2d 596, 598 (Mo. banc 1994); *Johnson v. City of Duenweg Fire Dep't.*, 735 S.W.2d 364, 366 (Mo. banc 1987).

## IV. WINCHELL'S FAILURE TO FILE A TIMELY ANSWER RESULTED IN THE FACT OF THE ACCIDENT AT WORK BEING DEEMED AD- MITTED

■ Ms. Lumbard–Bock argues that because Winchell's did not file an answer within 15 days of the time the Commission acknowledged receipt of her claim, all factual statements contained in her claim should have been deemed admitted by Winchell's, including the statements that she was injured at work while moving a cola container and that this necessitated her back surgery. She asserts that, while the Commission's decision purports to simply consider the legal issue of whether her injury arose out of and in the course of employment, in fact, it redetermines the factual issues of whether the work accident occurred and whether it contributed to her back injury. She says that only by redetermining these issues and deciding them against her could the Commission have reached the legal conclusion that the injury did not arise out of her work.

We agree. If Winchell's failed to timely file an answer, it is deemed to have admitted the facts stated in Ms. Lumbard–Bock's claim, including both her statement of the facts regarding how the injury occurred— that she felt something pop in her back while lifting a cola container at work—and her statement of causation—that this pop is what necessitated the disc surgery. *See Henderson v. Chrysler Corp.*, 601 S.W.2d 645, 648–649 (Mo.App.1980) (factual issues such as injury and causation are admitted by failure to file an answer).

In light of these factual admissions, the Commission was bound by law to assume that the claimed work accident occurred and that it was at least partially responsible for

her back injury. The Commission did not do this, however, because in denying compensation it concluded that Ms. Lumbard–Bock "was, in fact, not injured on the job." It clearly reached this conclusion based on Ms. Lumbard–Bock's lack of credibility caused by the fact that she had not mentioned the work injury to her doctors until a year after the accident and the fact that she had paid for her medical treatment through her private insurance rather than requesting that her employer pay for the treatment.

We normally defer to the Commission's factual determinations, and indeed would make the same ones here if the issues were open to us. Those factual issues were not open to either us or the Commission, however, in light of the admissions resulting from Winchell's failure to timely file an answer. These *factual admissions cannot be avoided* simply by relabeling them as the legal issue of whether the injury arose out of and in the course of employment. Given the admitted fact that the injury occurred at work while Ms. Lumbard–Bock was performing a required work function, the only way to resolve the legal issue is by finding that the injury did arise out of and in the course of employment. *Compare Jackson,* 849 S.W.2d at 711 (admissions from failure to answer did not extend to legal issue of whether stop at post office occurred in the scope and course of employment when employee made stop in part to conduct personal errands).

Because of these errors, we must remand this case to the Commission. On remand, the Commission should reach the issue, not resolved below, whether Winchell's received timely and adequate notice of Ms. Lumbard–Bock's claim and whether its answer was untimely in light of the delay in filing an answer once notice was admittedly received.

In addition, the Commission must address the issue of what percentage of Ms. Lumbard–Bock's injury is attributable to her admitted work accident. As Ms. Lumbard–Bock concedes, although the fact of the accident at work and its causal relationship to some degree of her injury was admitted, the Commission was free to, and indeed required to, make a factual determination of what portion of her damages resulted from the work accident. Evidence of prior injuries which may have occurred when she leaned over to pick up her purse at home, and of other potential causes of her disability, are of course fully relevant to this inquiry.

For these reasons, we reverse the determination of the Commission and remand for further proceedings in accordance with this opinion.

All concur.