NUMBERS 13-00-197-CR, 13-00-198-CR,


13-00-201-CR, AND 13-00-204-CR


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


FELICIANO FUENTES JIMENEZ A/K/A GORDY
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 197th District Court


of Cameron County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez

Opinion by Chief Justice Seerden




 Feliciano Fuentes Jimenez, appellant, appeals from his convictions
in four causes. In cause number 13-00-197-CR, appellant pled guilty
to felony burglary of a building, Tex. Penal Code Ann. § 30.02 (a)
(Vernon 1999), and theft of a firearm, Tex. Penal Code Ann. § 31.03(a)
& (e)(4)(C) (Vernon 1999), and was sentenced to two years
confinement. In cause number 13-00-198-CR, appellant pled guilty to
aggravated robbery, Tex. Penal Code Ann. § 29.03(a)(2) (Vernon 1999),
and was sentenced to thirty years confinement. In cause number 13-00-201-CR, appellant pled guilty to aggravated assault, Tex. Penal Code
Ann. § 22.02(a)(2) (Vernon 1999), and was sentenced to twenty years
confinement. Finally, in cause number 13-00-204-CR, appellant pled
guilty to aggravated robbery, Tex. Penal Code Ann. § 29.03(a)(2) (Vernon
1999), and was sentenced to thirty years confinement. These causes
were consolidated for plea and punishment hearings. The trial court
accepted appellant's plea in each cause, accepted the State's evidence
without objection, and found appellant guilty of the corresponding
offenses. 

 Appellant's court-appointed counsel has filed briefs in each cause,
in which he concludes that the appeals are wholly frivolous and without
merit.(1) The briefs meet the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), that counsel present
a professional evaluation of the record demonstrating why, in effect,
there are no arguable grounds to be advanced. High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978). 

 The records reflect that the trial court orally administered the
proper admonishments to appellant before accepting his pleas. The
same admonishments were given to appellant in writing. Appellant
stated that he understood the admonishments. Appellant then pled
guilty to each of the charges. He acknowledged that he knowingly and
voluntarily entered these pleas. The State then presented appellant's
judicial confession and stipulation to evidence without objection. The
court adjudicated appellant guilty of the crimes charged. A subsequent
punishment hearing was conducted at which time appellant was
sentenced as described above. The punishment for each offense was
within the statutory range for the crime charged.

 Appellant has not suggested to this court that his pleas were
anything other than voluntary. The record shows that appellant was
fully admonished prior to entering his guilty pleas. After the
admonishments, appellant acknowledged that his pleas were made
voluntarily. 

 Because the punishments imposed all fall within the statutorily
prescribed ranges of punishment, there is no argument that the
punishments are either cruel or unusual. See McNew v. State, 608
S.W.2d 166, 174 (Tex. Crim. App. 1978). 

 We find nothing in the records which suggests that appellant's
trial counsel's performance was deficient or objectively unreasonable. 


 The judgments of the trial court are AFFIRMED.

 



 

 ROBERT J. SEERDEN, Chief Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 31st day of August, 2000.

 

1. A copy of counsel's briefs have been delivered to appellant,
and appellant was advised of his right to file a pro se brief. No pro se
brief has been filed.