NO. 07-05-0319-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 20, 2006



______________________________




CAROLYN PACE, APPELLANT



V.



BAPTIST ST. ANTHONY'S HOSPITAL CORPORATION, D/B/A BAPTIST ST.
ANTHONY'S HEALTH SYSTEM-BAPTIST CAMPUS, APPELLEE



_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 90,563-C; HONORABLE PATRICK PIRTLE, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

 Following a jury trial, appellant Carolyn Pace appeals from a judgment that she take
nothing against Baptist St. Anthony's Hospital Corporation, d/b/a Baptist St. Anthony's
Health System-Baptist Campus, for personal injuries. By a single point of error, she
contends the trial court erred in granting judgment and overruling her motion for new trial
because questions on cross-examination regarding a prior lawsuit constituted harmful error
and resulted in the rendition of an improper verdict. We affirm.

 In 1999, Pace was injured in an automobile collision. During the course of her
treatment, Pace was referred to Baptist St. Anthony's for testing. While exiting the testing
facility, Pace fell and fractured her right femur. She subsequently filed a premises liability
action against Baptist St. Anthony's to recover personal injury damages. At the time of trial,
Pace was also involved in another lawsuit for personal injury damages against the driver
who collided with her automobile. 

 Prior to commencement of the trial, Pace presented a motion in limine seeking to
exclude, among other things, the following:


 Any mention Plaintiff was involved in other suits.
 Any mention of Plaintiff's claims against other Defendants in other
lawsuits.



At a hearing preceding voir dire, Pace maintained that under Rule 403 of the Rules of
Evidence, testimony regarding the existence of the prior suit would cause unfair prejudice,
confuse the issues, and mislead the jury. After considering arguments from both counsel,
the trial court granted Pace's motion on the condition that the parties approach the bench
as the information became relevant and necessary. The court concluded by noting "I am
sure that leave will be granted to go into those areas."

 Prior to cross-examining Pace, counsel for Baptist St. Anthony's approached the
bench as instructed and both parties renewed their arguments with respect to the motion
in limine. Balancing the nature of the testimony against the possibility of confusion, the trial
court found evidence of Pace's involvement in another suit to be relevant and admissible. 
Counsel for Baptist St. Anthony's then proceeded to cross-examine Pace on the prior
lawsuit. Pace did not object to the questions asked by opposing counsel.

 By her point of error, Pace alleges opposing counsel's questions were clearly
calculated to inflame the jury and could not have been cured by an instruction to disregard. 
As such, she claims the questions constituted reversible error. We disagree.

 In order for us consider a point on appeal, the record must show the complaint was
preserved by a timely request, objection, or motion and that a ruling was obtained from the
trial court. Tex. R. App. P. 33.1(a). Here, however, Pace failed to object to the questions
by opposing counsel. A motion in limine does not preserve error concerning the improper
admission of evidence. Pool v. Ford Motor Co., 715 S.W.2d 629, 637 (Tex. 1986). The
complainant must still object when his opponent offers the evidence. Id. Otherwise, the
trial court is denied the opportunity to make a curative instruction or ruling. Id. Because
Pace's point of error was not preserved, it presents nothing for review and is overruled.

 Accordingly, the trial court's judgment is affirmed.


 Don H. Reavis

 Justice



nUsed="false" Name="Table Grid"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00371-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JANUARY
6, 2011

 



 

JOSE ANGEL CORDOVA, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 242ND DISTRICT COURT OF HALE
COUNTY;

 

NO. B14880-0303; HONORABLE EDWARD LEE SELF, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Jose Angel Cordova,
entered a plea of guilty to possession of a controlled substance, less than one
gram, and as part of a plea agreement, was placed on deferred adjudication
community supervision for two years. 
Eventually, appellant was adjudicated guilty and he was placed on
straight probation.  On October 22, 2009,
appellants probation was revoked and he was sentenced to two years in a State Jail
Facility.  Appellant has perfected his
appeal of the judgment.  We affirm.

 

 

Factual and Procedural Background

            Appellants
initial plea, on September 22, 2003, was to two years deferred adjudication
community supervision.  The State filed
an original and amended motion to proceed to adjudication.  The amended motion was ultimately dismissed
without prejudice on May 23, 2005. 
Later, on August 25, 2005, the State filed another motion to
proceed.  This motion was heard by the
trial court on December 28, 2006, and appellant was adjudicated guilty and
sentenced to three years community supervision. 
On August 26, 2009, the State filed a motion to revoke appellants
community supervision.  The trial court
conducted a hearing on the motion to revoke on October 22, 2009, and revoked
appellants community supervision, sentencing him to two years in a State Jail
Facility.

            Appellant
has perfected his appeal and brings forth three issues.  Two of appellants issues contend that the
trial court did not have jurisdiction to adjudicate appellant guilty on
December 28, 2006, or to revoke appellants community supervision on October
22, 2009.  Appellants other issue
contends that the judgment of the trial court revoking appellants community
supervision was void.  We disagree and
affirm the judgment of the trial court.

Jurisdiction of Trial Court

            The
contentions of appellants brief contest the jurisdiction of the trial court to
act on two different occasions.  We will
address those contentions separately. 

 

Motion to Proceed

            Appellants
initial contention is that on December 28, 2006, when the trial court conducted
a hearing on the States motion to proceed, the trial court lacked jurisdiction
over appellants case.  According to
appellant, this is because this hearing was held outside of the initial two
year period during which appellant was on deferred adjudication community
supervision.  Under appellants theory,
the State should have obtained a hearing and the trial court should have
adjudicated appellant guilty by September 22, 2005.  Further, appellant contends that, since the
order adjudicating appellant guilty and placing him on community supervision
occurred more than one year after the expiration of the term of appellants
deferred adjudication community supervision, the placement of appellant on
community supervision for a period of three years was void for lack of
jurisdiction.  

            However,
we must first address the issue of the jurisdiction of the trial court to act
on December 28, 2006.  Remembering that
appellant initially received two years deferred adjudication on September 22,
2003, appellants deferred adjudication was scheduled to expire on September
22, 2005.  However, the State filed a
motion to adjudicate on August 25, 2005, prior to the expiration of the
deferred adjudication.  The record
reflects that, on that same day, an order for a capias
was issued to take appellant into custody. 
Further, the record shows that appellant was served with the warrant on
September 6, 2005.

            Appellants
initial deferred adjudication was granted pursuant to section 5 of article
42.12 of the Texas Code of Criminal Procedure. 
See Tex. Crim. Proc. Code Ann. art.
42.12, § 5 (West Supp. 2010).[1]  Article 42.12, § 5(b) provides that, upon a
violation of one of the terms and conditions imposed under subsection (a), a
defendant may be arrested and detained as provided in section 21 of article
42.12.  See art. 42.12, § 5(b).  The
provisions of section 21 make it clear that, at any time during the period of
community supervision, a judge may issue a warrant for a defendant and detain
the defendant until a hearing is held.  See
art. 42.12, § 21(b). 
When interpreting this statutory scheme against an allegation of loss of
jurisdiction because the hearing was held after the probationary period
expired, the Texas Court of Criminal Appeals held that so long as the motion to
revoke or proceed is filed and the warrant to arrest is issued before the
expiration of the community service period, the trial court retains
jurisdiction to act upon the community supervision.  See  Ex parte Donaldson, 86
S.W.3d 231, 232 (Tex.Crim.App. 2002); Bender v.
State, No. 07-03-0235-CR, 2005 Tex.App. LEXIS 4335, at *1 (Tex.App.Amarillo June
7, 2005, no pet.) (not designated for
publication).  Accordingly, appellants
contention that the trial court did not have jurisdiction to hear the motion to
proceed is overruled.

            However,
appellant is connecting this argument with a reading of article 42.12, § 22, to
conclude that the trial court lost jurisdiction.  Section 22(c) provides that:

A court may extend a period of community supervision under this section
at any time during the period of supervision or, if a motion for revocation of
community supervision is filed before the period of supervision ends, before the
first anniversary of the date on which the period of supervision ends.

 

See art. 42.12, § 22(c).  According to appellants argument, when the
trial court adjudicated his case on December 28, 2006, the trial court, in
effect, continued or modified his community supervision.  Therefore, according to appellants theory,
this continuation or modification occurred after the first anniversary date on
which appellants community supervision ended. 
Thus, the trial court had no jurisdiction to so act.

            Appellants
argument has several flaws.  Initially,
we can find nothing in the record that would be construed as a continuation of
or modification to appellants initial deferred adjudication community
supervision.  Quite the contrary, the
trial court adjudicated appellant guilty and placed him on community
supervision.  An adjudication of
appellants guilt precluded the trial court from continuing or modifying
appellants deferred adjudication.  Therefore, art. 42.12, § 22, does not even apply to
appellant.  Next, we note that appellant
has not cited this Court to any authority that has followed appellants
reasoning nor have we found any cases that support appellants
contentions.  The only case that
appellant can direct this Courts attention to is Judge Meyers dissenting
opinion in Connolly v. State, 983 S.W.2d 738, 746 (Tex.Crim.App.
1999).  In Connolly, the issue was
the appellants right to appeal a finding that the State used due diligence in
apprehending the appellant after a motion to adjudicate had been filed.  Id. at 739.  The issue was not about the one year time
frame for the trial court to conduct a hearing on continuation or modification
of an appellants community supervision after the primary term had expired.  In fact, the Connolly court affirmed
an adjudication of guilt where the motion to proceed and capias
was filed during the deferred adjudication period but the adjudication was not
entered until a year and four months after the expiration of the deferred
adjudication period.  See id.
at 739.  Thus,
because the Connolly court would be required to address its lack of
jurisdiction if appellants contention was correct, Connolly actually
supports the trial courts actions in the present case.  Accordingly, we overrule appellants first
issue.

Motion to Revoke

            Appellants
next contention is that the trial court lacked the jurisdiction to revoke
appellants community supervision on October 22, 2009.  According to appellant, this is so because
the hearing was held outside of the statutory maximum time limit of appellants
community supervision.  To arrive at this
conclusion, appellant asks this Court to ignore cases of other Courts of Appeal
that have held that, in calculating the maximum amount of time an appellant may
be ordered to serve on community supervision, the courts do not aggregate the
deferred adjudication community supervision periods with the traditional
community supervision periods.  See Slaughter v. State, 110 S.W.3d 500, 502-03 (Tex.App.Waco 2003, pet. refd); Villarreal
v. State, No. 04-95-0073-CR, 1996 Tex.App.
LEXIS 1564 at *3 (Tex.App.San Antonio Apr. 24, 1996,
pet. refd)  (not designated for publication)
(citing McNew v. State, 608 S.W.2d 166,
177 (Tex.Crim.App. 1978)).  We agree with our sister courts in holding
that the periods of supervision under regular community supervision and
deferred adjudication supervision are not aggregated to determine the total
period of supervision allowable under the terms of article 42.12.  See art. 42.12, § 15(b) (setting forth
the maximum period for state jail felony community supervision at five years
with the right to extend state jail felony community supervision up to a ten
year maximum).  Appellant was adjudicated
guilty on December 28, 2006, and he was placed on standard community supervision
for a period of three years.  This term
of community supervision did not exceed the maximum amount of time appellant
could be placed on community supervision for a state jail felony offense.  Therefore, the trial court retained
jurisdiction over appellants case and subsequently revoked appellants
community supervision and assessed a sentence of confinement in a State Jail
Facility for two years.  Accordingly, we
overrule appellants second issue.

            We
need not address the contention in appellants third issue because that issue
is predicated upon our sustaining either appellants first or second
issue.  Having overruled both appellants
first and second issues, we do not reach the third issue.

Conclusion

            The judgment
of the trial court is affirmed.

 


                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Do not publish.  

 

 

            








 











[1] Further reference to the Texas Code of Criminal
Procedure will be by reference to Article __ or art. ___.