NO. 07-09-00371-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 7, 2011

---

JOSE ANGEL CORDOVA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B14880-0303; HONORABLE EDWARD LEE SELF, JUDGE

---

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Jose Angel Cordova, entered a plea of guilty to possession of a controlled substance, less than one gram, and as part of a plea agreement, was placed on deferred adjudication community supervision for two years. Eventually, appellant was adjudicated guilty and he was placed on straight probation. On October 22, 2009, appellant's probation was revoked and he was sentenced to two years in a State Jail Facility. Appellant has perfected his appeal of the judgment. We affirm.

Factual and Procedural Background

Appellant's initial plea, on September 22, 2003, was to two years deferred adjudication community supervision. The State filed an original and amended motion to proceed to adjudication. The amended motion was ultimately dismissed without prejudice on May 23, 2005. Later, on August 25, 2005, the State filed another motion to proceed. This motion was heard by the trial court on December 28, 2006, and appellant was adjudicated guilty and sentenced to three years community supervision. On August 26, 2009, the State filed a motion to revoke appellant's community supervision. The trial court conducted a hearing on the motion to revoke on October 22, 2009, and revoked appellant's community supervision, sentencing him to two years in a State Jail Facility.

Appellant's initial appellate counsel filed an Anders[1] brief contending that there were no arguable issues on appeal. We affirmed the conviction on that basis in Cordova v. State, No. 07-09-00371-CR (Tex.App.—Amarillo, delivered April 19, 2010). Subsequently, on June 22, 2010, appellant filed a petition for discretionary review, a copy of which was filed with this Court. See TEX. R. APP. P. 68.3.[2] We withdrew our original opinion and issued a subsequent opinion on January 6, 2011. See Cordova v. State, No. 07-09-00371-CR, 2011 Tex. App. LEXIS 105 (Tex.App.—Amarilo Jan. 6, 2011), reversed per curiam, No. PD-0630-10 (Tex.Crim.App. Apr. 20, 2011). However, our subsequent opinion was untimely under rule 50, as the same was issued more than

---

[1] See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 498 (1967).

[2] Further reference to the Texas Rules of Appellate Procedure will be by reference to "rule ___."

60 days after appellant's petition for discretionary review had been filed. The Court of Criminal Appeals ordered that our opinion of January 6, 2011 be withdrawn, and remanded the case to this Court to properly consider the arguable grounds for appeal. See Cordova, No. PD-0630-10.

Appellant brings forth three issues. Two of appellant's issues contend that the trial court did not have jurisdiction to adjudicate appellant guilty on December 28, 2006, or to revoke appellant's community supervision on October 22, 2009. Appellant's other issue contends that the judgment of the trial court revoking appellant's community supervision was void. We disagree and affirm the judgment of the trial court.

### Jurisdiction of Trial Court

The contentions of appellant's brief contest the jurisdiction of the trial court to act on two different occasions. We will address those contentions separately.

### Motion to Proceed

Appellant's initial contention is that on December 28, 2006, when the trial court conducted a hearing on the State's motion to proceed, the trial court lacked jurisdiction over appellant's case. According to appellant, this is because this hearing was held outside of the initial two-year period during which appellant was on deferred adjudication community supervision. Under appellant's theory, the State should have obtained a hearing and the trial court should have adjudicated appellant guilty by September 22, 2005. Further, appellant contends that, since the order adjudicating appellant guilty and placing him on community supervision occurred more than one year

3

after the expiration of the term of appellant's deferred adjudication community supervision, the placement of appellant on community supervision for a period of three years was void for lack of jurisdiction.

However, we must first address the issue of the jurisdiction of the trial court to act on December 28, 2006. Remembering that appellant initially received two years deferred adjudication on September 22, 2003, appellant's deferred adjudication was scheduled to expire on September 22, 2005. However, the State filed a motion to adjudicate on August 25, 2005, prior to the expiration of the deferred adjudication. The record reflects that, on that same day, an order for a capias was issued to take appellant into custody. Further, the record shows that appellant was served with the warrant on September 6, 2005.

Appellant's initial deferred adjudication was granted pursuant to section 5 of article 42.12 of the Texas Code of Criminal Procedure. See TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5 (West Supp. 2010).[3] Article 42.12, section 5(b) provides that, upon a violation of one of the terms and conditions imposed under subsection (a), a defendant may be arrested and detained as provided in section 21 of article 42.12. See art. 42.12, § 5(b). The provisions of section 21 make it clear that, at any time during the period of community supervision, a judge may issue a warrant for a defendant and detain the defendant until a hearing is held. See art. 42.12, § 21(b). When interpreting this statutory scheme against an allegation of loss of jurisdiction because the hearing was held after the probationary period expired, the Texas Court of Criminal Appeals

---

[3] Further reference to the Texas Code of Criminal Procedure will be by reference to "Article __" or "art. ___."

4

held that so long as the motion to revoke or proceed is filed and the warrant to arrest is issued before the expiration of the community service period, the trial court retains jurisdiction to act upon the community supervision. See Ex parte Donaldson, 86 S.W.3d 231, 232 (Tex.Crim.App. 2002) (per curiam); Bender v. State, No. 07-03-0235-CR, 2005 Tex.App. LEXIS 4335, at *1 (Tex.App.—Amarillo June 7, 2005, no pet.) (per curiam) (mem. op., not designated for publication). Accordingly, appellant's contention that the trial court did not have jurisdiction to hear the motion to proceed is overruled.

However, appellant is connecting this argument with a reading of article 42.12, section 22, to conclude that the trial court lost jurisdiction. Section 22(c) provides that:

> A court may extend a period of community supervision under this section at any time during the period of supervision or, if a motion for revocation of community supervision is filed before the period of supervision ends, before the first anniversary of the date on which the period of supervision ends.

See art. 42.12, § 22(c). According to appellant's argument, when the trial court adjudicated his case on December 28, 2006, the trial court, in effect, continued or modified his community supervision. Therefore, according to appellant's theory, this continuation or modification occurred after the first anniversary date on which appellant's community supervision ended. Thus, the trial court had no jurisdiction to so act.

Appellant's argument has several flaws. Initially, we can find nothing in the record that would be construed as a continuation of or modification to appellant's initial deferred adjudication community supervision. Quite the contrary, the trial court adjudicated appellant guilty and placed him on community supervision. An adjudication

5

of appellant's guilt precluded the trial court from continuing or modifying appellant's deferred adjudication. Therefore, article 42.12, section 22, does not even apply to appellant.

Next, we note that appellant has not cited this Court to any authority that has followed appellant's reasoning nor have we found any cases that support appellant's contentions. The only case that appellant can direct this Court's attention to is Judge Meyer's dissenting opinion in Connolly v. State, 983 S.W.2d 738, 746 (Tex.Crim.App. 1999). In Connolly, the issue was the appellant's right to appeal a finding that the State used due diligence in apprehending the appellant after a motion to adjudicate had been filed. Id. at 739. The issue was not about the one-year time frame for the trial court to conduct a hearing on continuation or modification of an appellant's community supervision after the primary term had expired. In fact, the Connolly court affirmed an adjudication of guilt where the motion to proceed and capias were filed during the deferred adjudication period but the adjudication was not entered until a year and four months after the expiration of the deferred adjudication period. See id. at 739. Thus, because the Connolly court would be required to address its lack of jurisdiction if appellant's contention was correct, Connolly actually supports the trial court's actions in the present case. Accordingly, we overrule appellant's first issue.

Motion to Revoke

Appellant's next contention is that the trial court lacked the jurisdiction to revoke appellant's community supervision on October 22, 2009. According to appellant, this is so because the hearing was held outside of the statutory maximum time limit of

appellant's community supervision. To arrive at this conclusion, appellant asks this Court to ignore cases of other Courts of Appeals that have held that, in calculating the maximum amount of time an appellant may be ordered to serve on community supervision, the courts do not aggregate the deferred adjudication community supervision periods with the traditional community supervision periods. See Slaughter v. State, 110 S.W.3d 500, 502-03 (Tex.App.—Waco 2003, pet. ref'd); Villarreal v. State, No. 04-95-0073-CR, 1996 Tex.App. LEXIS 1564, at *3 (Tex.App.—San Antonio Apr. 24, 1996, pet. ref'd) (not designated for publication) (citing McNew v. State, 608 S.W.2d 166, 177 (Tex.Crim.App. 1978)). We agree with our sister courts in holding that the periods of supervision under regular community supervision and deferred adjudication supervision are not aggregated to determine the total period of supervision allowable under the terms of article 42.12. See art. 42.12, § 15(b) (setting forth the maximum period for state jail felony community supervision at five years with the right to extend state jail felony community supervision up to a ten-year maximum). Appellant was adjudicated guilty on December 28, 2006, and he was placed on standard community supervision for a period of three years. This term of community supervision did not exceed the maximum amount of time appellant could be placed on community supervision for a state jail felony offense. Therefore, the trial court retained jurisdiction over appellant's case and subsequently revoked appellant's community supervision and assessed a sentence of confinement in a State Jail Facility for two years. Accordingly, we overrule appellant's second issue.

We need not address the contention in appellant's third issue because that issue is predicated upon our sustaining either appellant's first or second issue. Having overruled both appellant's first and second issues, we do not reach the third issue.

Conclusion

The judgment of the trial court is affirmed.


Mackey K. Hancock
Justice


Do not publish.